STATE EX REL. McGOWAN ET AL., RELATORS, *v.* SEDGWICK, COUNTY CLERK, RESPONDENT.

(No. 3,242.)

(Submitted October 5, 1912.  Decided October 9, 1912.)

[127 Pac. 94.]

*Office and Officers—County Commissioners—Vacancies—Term of Appointees—Statutes—Constitution—Construction—Elections —Mandamus.*

County Commissioners—Vacancies—Term of Appointee.
  1.  *Held,* that the rule that persons appointed to fill vacancies in state, district and county offices shall hold only until the next general election applies as well to the office of county commissioner; *held,* further, that that portion of section 2883, Revised Codes, authorizing an appointment for the unexpired term of a county commissioner is invalid, if such unexpired term extends beyond the first Monday in January next succeeding a general election.

Constitution—Construction.
  2.  The Constitution must be construed in the light of previous history and surrounding circumstances.

Original application for writ of mandate by the state, on the relation of Francis H. McGowan and another, against J. Lee Sedgwick, county clerk of Chouteau county, to compel respondent to file certain certificates of nominations for public office, and to print the names of the candidates on the official ballot. Peremptory writ granted.

*Messrs. Stranahan & Stranahan,* for Relators, submitted a brief; *Mr. F. E. Stranahan* argued the cause orally.

In behalf of Respondent, there was a brief by *Mr. Albert J. Galen,* Attorney General, and *Mr. W. H. Poorman,* Assistant Attorney General, and oral argument by the latter.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

E. M. Kennedy and Thomas Dowen were duly elected county commissioners of Chouteau county for the terms expiring, respectively, on the first Monday in January, 1915, and 1917. They qualified as such and entered upon the discharge of their duties; but upon the creation of Blaine and Hill counties these men resigned, and the judge of the district court of the twelfth judicial district in and for Chouteau county appointed H. J. Wackerlin "to fill the unexpired term of E. M. Kennedy," and John V. Carroll "to fill the unexpired term of Thomas Dowen," and each of these appointees duly qualified and entered upon the discharge of his duties, and is now serving as county commissioner of Chouteau county. At a regular county convention of the Democratic party of Chouteau county, called to nominate candidates for the various county offices to be filled at the ensuing general election in November of this year, relator McGowan was duly nominated a candidate for the office of county commissioner to fill the unexpired term of Thomas Dowen, and at a like convention of the Progressive party relator Lewis was nominated a candidate to fill the unexpired term of E. M. Kennedy. Each of these nominees is qualified to hold the office to which he aspires in case of his election. When the certificate of nomination for each of these nominees was presented to the county clerk of Chouteau county, he refused to file it, and announced his determination not to print the name of either upon the official ballot; proceeding upon the theory that each of the persons appointed by the district judge held for the residue of the term of the person whom he succeeded. An original application for mandate was made to this court. The alternative writ issued, and upon the return the respondent clerk appeared by general demurrer and motion to quash, and the cause was submitted for final determination; it being an-

nounced in open court that the affidavit for the writ correctly states the facts.

The question presented is: Does the person appointed to fill a vacancy in the office of county commissioner hold during the [1] remainder of the unexpired term of the man whose position he is appointed to fill, when such unexpired term extends beyond the first Monday in January next succeeding a general election? The several provisions of our state Constitution covering the tenure in office of one appointed to fill a vacancy in an elective office are: Section 7, Article VII: "If the office of Secretary of State, State Auditor, State Treasurer, Attorney General, or Superintendent of Public Instruction shall be vacated by death, resignation or otherwise, it shall be the duty of the Governor to fill the same by appointment, and the appointee shall hold his office until his successor shall be elected and qualified." Section 34, Article VIII: "Vacancies in the office of Justice of the Supreme Court, or judge of the district court, or clerk of the Supreme Court, shall be filled by appointment, by the Governor of the state, and vacancies in the offices of county attorneys, clerk of the district court, and justices of the peace shall be filled by appointment by the board of county commissioners of the county where such vacancy occurs. A person appointed to fill any such vacancy shall hold his office until his successor is elected and qualified." Section 4, Article XVI: "A vacancy in the board of county commissioners shall be filled by appointment by the judge of the judicial district in which the vacancy occurs." Section 5, Article XVI: "Vacancies in all county, township and precinct offices, except that of county commissioners, shall be filled by appointment by the board of county commissioners, and the appointee shall hold his office until the next general election." In case the governor resigns, "the duties and emoluments of the office for the residue of the term" devolve upon the lieutenant-governor. (Art. VII, sec. 14.) It will be seen that the only instance in which authority is given to one called upon to fill a vacancy to hold for the residue of the term is in case of a vacancy in the office of governor, and in that instance the lieutenant-governor becomes

governor by right of succession, and not of appointment. In every instance of appointment to fill a vacancy in an elective office, unless an exception be made in the office of county commissioner, the Constitution specifically limits the tenure of the appointee to the next general election or until his successor is elected and qualified; and the phrase "until his successor is elected and qualified" is literally construed by the Constitution itself, in the concluding sentence of section 34 of Article VIII: "A person elected to fill a vacancy shall hold office until the expiration of the term for which the person he succeeds was elected"; for, if an appointee holds for the residue of the term, then there could never be "a person elected to fill a vacancy" if an appointment had been made. That sentence is intelligible only upon the theory that the appointee holds only until the next general election or until the person elected for the residue of the term qualifies.

While the policy of the law is not a controlling factor in determining the meaning of constitutional or statutory provisions, it is persuasive. A reference to the several provisions of the Constitution above discloses that in every instance of a vacancy in an elective office, where the vacancy is to be filled by appointment, the appointee shall hold only until the people who elected his predecessor have the first opportunity to fill the office with a person of their own choice; and this rule is general, applies to every state, district and county office, unless an exception is made in favor of one appointed to a vacancy in the office of county commissioner. There is not any reason apparent or suggested why an exception in his favor should be made, and that there is not any express exception is conceded. But it is argued that the tenure of such an appointee is not specifically fixed, and therefore the authority given the district judge to fill the vacancy implies the power to fill the office for the residue of the term.

Whether our Constitution fails to define the tenure of one appointed to fill a vacancy in the office of county commissioner depends upon the construction to be given to the language of section 5 of Article XVI above. Counsel for respondent insist

that this section excepts county commissioners from the list of appointees who hold only until the next general election; while counsel for relator urge that the exemption clause applies only to the appointing power. The language is somewhat indefinite, and yet, in view of the fact that in the preceding section of that Article the district judge is designated as the authority to fill a vacancy in the office of county commissioner by appointment, and there is not anything said as to the term of the appointee; that it would be manifestly improper to permit the board of county commissioners to appoint one to a vacancy on that board, and, indeed, in the present instance there was not any board in existence after Kennedy and Dowen resigned; and in view of the general policy expressed by the Constitution with respect to every other elective office, and the general policy of our government that as to officers who are elected "the theory of our law is that officers 'shall be elected whenever it can be conveniently done, and that appointments to office will be tolerated only in exceptional cases" (*Rice* v. *Stevens,* 25 Kan. 302), we think the language of section 5, Article XVI above, should be read with the language quoted from section 4 of the same Article, and the meaning expressed as follows: Vacancies in all county, township and precinct offices shall be filled by appointment, and the appointee shall hold his office until the next general election; vacancies in the office of county commissioner shall be filled by appointment by the district judge of the district in which the vacancy occurs; and vacancies in all other such offices shall be filled by appointment by the board of county commissioners.

It is an elementary rule that Constitutions are to be construed [2] in the light of previous history and the surrounding circumstances. (*People ex rel. Kennedy* v. *Gies,* 25 Mich. 83.) Turning to the provisions of law in force at the time the Constitution was adopted, we find in the Compiled Statutes of 1887 the following:

"Sec. 1589. Whenever any vacancy shall occur in any county or precinct office, except county commissioners, the county commissioners of the county where such vacancy occurs shall appoint

some suitable person to perform the duties thereof, until the next general election.

"Sec. 1590.   Whenever a vacancy shall occur at any time in the office of territorial treasurer, auditor, superintendent of public instruction, or district attorney, the Governor, by and with the advice and consent of the legislative council shall appoint some suitable person to perform the duties of such office; and when a vacancy shall occur in the office of county commissioner the probate judge shall appoint some suitable person to perform the duties of such office; such officers, so appointed, shall hold their respective offices until the general election next following such appointment."

It will be seen that there was not any exception whatever to the rule that one appointed to fill a vacancy in an elective office should hold the office only until the next general election; and, in the absence of express exception and of any reason which can be suggested for an exception in favor of one appointed to fill a vacancy in the office of county commissioner, we think it quite apparent that the framers of the Constitution intended to reserve to the people the right, which they theretofore possessed, of electing the person who should fill that office, which of all offices most directly concerns the average voter, particularly the taxpaying voter; for the board of county commissioners is the business agent of the people in the management of county affairs.   Apparently the people of the state were unwilling to permit an appointee to hold beyond the next general election, that is, beyond the time when opportunity would be first presented to fill the vacancy by an election.   But, if respondent's position is tenable, they made an exception, and that, too, by mere implication and without any apparent reason, in favor of one appointed to fill a vacancy in the office of county commissioner, and by implication consented that, as to that particular office, an appointee might hold over one or even two general elections, as in the instances now before us.

We think the court would be derelict in holding that merely by implication the people surrendered a right so valuable to them that they expressed their intention in plain and vigorous terms

as to every other elective office by incorporating the limitations in the Constitution, thereby putting it out of the power of the legislature even to effect a change. We are satisfied that our construction embodies the meaning which the framers of the Constitution intended to convey; and in so far as section 2883, Revised Codes, conflicts with section 5, Article XVI, as we have construed it, the section of the Codes is inoperative. A comparison of that section with section 4026 of the Political Code of California indicates that our Code Commissioners literally borrowed section 2883 from California, and that, too, without reference to the wide difference in the constitutional provisions in force in the two states. The California legislature is authorized to provide by law for the election or appointment of county officers and to fix the terms of office. (Cal. Const., Art. XI, sec. 5.) On the other hand, our Constitution undertakes to make ample provision for such matters and withholds the power entirely from the legislature. Under the California Constitution above, the propriety of section 4026 is apparent; but, under our Constitution, there is not any place in the law for a similar statute.

A peremptory writ of mandate will issue forthwith, commanding the county clerk of Chouteau county, immediately upon receipt of the writ, to file the certificate of nomination for each of these relators, and print, or cause to be printed, the name of each relator in its appropriate place upon the official ballot to be used at the general election to be held on November 5 of this year.

MR. CHIEF JUSTICE BRANTLY concurs.

MR. JUSTICE SMITH, being absent, did not hear the argument, and takes no part in the foregoing decision.