JERSEY ET AL., RESPONDENTS, *v.* PEACOCK ET AL., AP-PELLANTS.

(No. 5,416.)

(Submitted February 6, 1924. Decided February 28, 1924.)

[223 Pac. 903.]

*Schools and School Districts—Trustees—Misleading Ballots—Void Election.*

1. In a school district of the third class the members of the board of trustees had been holding over for many years for failure to hold elections to choose their successors. An election was called and the board instead of pursuing the method of procedure under such circumstances prescribed by section 1001, of Revised Codes, *i. e.,* selecting by lot one of its members to hold over for one year and one for two years and providing for the election of the third for the term of three years, furnished ballots providing for the election of three trustees for terms of one, two and three years respectively. *Held,* that since there was only one trustee to be elected, the ballots furnished were so misleading as to render the election void.

*Appeal from District Court, Broadwater County; Wm. L. Ford, Judge.*

ELECTION CONTEST by Arthur Jersey and another against Thomas Peacock and another. Judgment for plaintiffs and defendants appeal. Remanded, with directions.

*Mr. Fred. W. Schmitz,* for Appellants, submitted a brief and argued the cause orally.

*Mr. John A. Matthews,* for Respondents, submitted a brief and argued the cause orally.

MR. JUSTICE STARK delivered the opinion of the court.

This is an election contest. The object sought to be attained by its institution was to determine whether the plaintiffs or the defendants were elected as trustees of school district No. 21 of Broadwater county in an attempt to hold an election therein on the seventh day of April, 1923. As a result of the balloting the judges declared that the defendant Seese had been elected to a three-year term and defendant Thomas Peacock to a one-year term as trustee of said district, and issued certificates of election to them. Thereupon the plaintiffs, who also had been candidates for said respective offices, instituted this action to obtain a judgment of the court declaring that they, and not the defendants, had been duly elected as trustees for said terms. Trial was had before the court without a jury, and resulted in a judgment declaring that the defendants were not, but that plaintiffs were, elected as such trustees, revoking the certificates of election theretofore issued to defendants, and directing the issuance of such certificates to the plaintiffs. From this judgment defendants appealed.

This district is of the third class. The record before us [1] establishes the fact that no election for school trustees has been held therein since the year 1905, but that there was a board of trustees with a clerk, functioning as such, during that period of time down to the date in question. Since the term of office of school trustees is three years, and they hold over until their successors are elected and qualified (sec. 997, Rev. Codes 1921), the full terms of office of all three of these trustees regularly expired long prior to April 7, 1923, and they were holding over because their successors had not been elected and qualified.

The affairs of a district of the third class are governed and controlled by a board of three trustees. It is the contemplation of the law that one of such trustees shall be elected each

year, so that a majority of the school board shall always be composed of persons who have had one or two years ` of experience in the management of its affairs, and to accomplish this end it is provided in section 1001, Revised Codes of 1921: "When at any annual school election the terms of a majority of the trustees regularly expire, * * * in districts of the third class, one trustee, shall be elected for three years, and the remaining trustee or trustees whose terms expire shall hold over for one or two years as may be necessary to prevent the terms of a majority of the board of trustees expiring in any one year; provided, that it shall be determined by lot what trustee shall hold over, and for what term."

The condition contemplated and provided for in this section existed in district No. 21 at the time for holding the annual election for trustees on April 7, 1923, and it was then the duty of the school board to have selected by lot one of its members to hold over for a term of two years and one to hold for a term of one year, and to have provided an election for the selection of a third member to hold for the statutory term of three years.

The court found as a fact that an election was held at the schoolhouse in said district on the above-mentioned date. Section 989 requires that such an election shall be conducted under the supervision of the board of school trustees. While the record does not affirmatively disclose what the trustees did in this instance, it is presumed that official duty has been regularly performed (sec. 10606, Rev. Codes 1921), and we must assume that these officers did or attempted to do whatever was required of them. The court also found that the trustees prepared ballots for use at this election and delivered them to the judges, and that no ballots were used at said election except those so prepared and delivered.

The ballots used at the election and actually voted have been certified to this court as original exhibits, and they contain, by inference, the only information afforded to us of the arrangements which the board of trustees had made for the conduct of the election, and they are in the following form:

[70 Mont. 46.]

For School Trustee.

For three year term.

(Vote for one.)

☐    J. S. Seese.

For two year term.

(Vote for one.)

☐    J. H. Tullock.

☐    Mrs. T. H. Peacock.

For one year term.

(Vote for one.)

☐    T. H. Peacock.

Since these ballots were prepared by the trustees themselves, we must assume that they followed whatever orders may have been made for the conduct of the election, and it is thus made to appear that the trustees had provided for the election of three trustees for terms of one, two and three years, respectively, instead of determining by lot that two of their number should hold over for terms of one and two years, respectively, and providing for the election of a third member for a term of three years as required by section 1001, *supra.* Using the form of ballot above set out, some of the electors voted for those whose names were printed thereon. Others, and in greater numbers, wrote names thereon, some in the blank spaces left below the designated terms, and some at the bottom without any designation of terms.

As we view it, the vital question to be determined in this case is whether the ballots prepared by the trustees, delivered to the judges and actually used at the election were so misleading as to have resulted in conveying misinformation to the voters, and thereby preventing a free and untrammeled expression of their intentions in casting their votes.

The ordinary voter, in endeavoring to exercise the right of casting his ballot for school trustee at this election, would have a right to assume that three trustees were to be elected and

for the various terms indicated on the ballot, and that he could cast his vote for one candidate for each of the terms, either for those whose names were printed on the ballot supplied to him, or by writing in the names of others. Had he not been misled by the form of the ballot furnished him and had he known that only one trustee was to be elected, it is readily to be imagined that a voter might have voted for some person for the three-year term other than he did. His first choice of the person whom he desired to serve him as school trustee may have been the one for whom he gave his vote for the one or two year term instead of the one to whom he gave his vote for the three-year term, and thus by the very form of the ballot furnished by the officials he might have been inveigled into voting for a candidate for whom he would not have voted had he been fully advised and not misled.

There is no evidence of bad faith or intent to deceive on the part of the trustees, but the result is the same as though such condition had been shown to exist. In our opinion the form of printed ballot furnished to the voters by the trustees was so substantially misleading as to prevent the voters from exercising their right to select the trustee whom they desired to serve with the two old members of the board in a free and untrammeled manner, as to avoid the whole election.

No harm can come from this holding, since it will leave the affairs of the district in the same condition as they had existed for a long time prior to the attempted election on April 7, 1923, with the old board of trustees in charge of the affairs of the district. At the coming school election the trustees can follow the statute and determine by lot which of its members shall hold over for terms of one and two years, respectively, and at that election the voters can select a third member of the board for the statutory term of three years, and thereby establish the rotation in office contemplated by law.

Since neither plaintiffs nor defendants were legally elected to the office of school trustee of school district No. 21 at the attempted election of April 7, 1923, this cause is remanded to the district court of Broadwater county, with directions to

enter final judgment declaring the attempted election void, canceling all certificates of election which may have been issued to either the plaintiffs or the defendants, thereby making a final disposition of this controversy. It is further ordered that the defendants shall recover from the plaintiffs one-half of their costs on this appeal.

*Remanded with directions.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES COOPER, HOLLOWAY and GALEN concur.