STATE EX REL. MORGAN, APPELLANT, v. KNIGHT, RE-
SPONDENT.

(No. 5,879.)

(Submitted March 3, 1926.  Decided March 24, 1926.)

[245 Pac. 267.]

*Office and Officers—City Attorney—Vacancy—Term of Appointee.*

Office and Officers—"Term of Office"—Definition.
　　1.　The phrase "term of office" describes the period of time during
which one regularly chosen by election or appointment and in-
ducted into office is entitled to hold the same, perform its functions
and enjoy its privileges and emoluments.
Same—Failure of Statute to Fix Beginning of Term—Appointive Power
may Fix.
　　2.　Where the law creates an office and prescribes the length of
the term, omitting to fix the date when the term shall begin but
designating the power which is vested with authority to fill the
office by appointment, the appointive power has the right to fix the
commencement of the term, and when thus fixed, each term there-
after commences where the other ends.
Same—"Term" Applies to Office, not to Person Holding It.
　　3.　The word "term" as used by section 6, Article VI of the
Constitution with reference to the election or appointment of
municipal officers, and section 511, Revised Codes of 1921, applies
to the office and not to the person holding it.
Same—City Attorney—Vacancy—Term of Appointee.
　　4.　The statute creating the office of city attorney did not pro-
vide a time for the commencement of the office, the length of the
term, however, being fixed at two years, its commencement being
fixed at the first appointment. (See par. 2, above.)  Upon the
death of an incumbent the then mayor appointed his successor to
fill the vacancy thus occasioned.  *Held,* under the above rules, that
the beginning and ending of the term of office having become
established by operation of law, the appointee could hold only for
the unexpired term for which he was appointed.

　　[1]　Municipal Corporations, 28 Cyc., p. 423, n. 93.　Officers, 29 Cyc.,
p. 1396, n. 95.
　　[2]　Officers, 29 Cyc., p. 1398, n. 22 New, 23 New.
　　[3]　Officers, 29 Cyc., p. 1400, n. 40 New.
　　[4]　Municipal Corporations, 28 Cyc., p. 425, n. 8.

*Appeal from District Court, Deer Lodge County; George B.
Winston, Judge.*

2.　See 22 R. C. L. 550.

PROCEEDING by the State of Montana, on the relation of
D. H. Morgan, against J. B. C. Knight, to try title to the
office of city attorney. Judgment for defendant and relator
appeals. Affirmed.

*Mr. John W. James* and *Mr. D. H. Morgan, pro se,* for Ap-
pellant, submitted an original and a reply brief; *Mr. S. P.
Wilson,* of Counsel, argued the cause orally.

When the relator entered upon the duties of his office on
the twenty-fourth day of March, 1924, he was entitled to hold
the office of city attorney of the city of Anaconda for a
full term of two years from the beginning of his term, March
24, 1924. Section 5038, Revised Codes of 1921, does not fix
any time when the term of office of city. attorney begins to
run, therefore it commences to run from the date of the
appointment of Mr. Morgan and continues for two full years
thereafter. It was said in the case of *People ex rel. Dibelka* v.
*Reinberg,* 263 Ill. 536, Ann. Cas. 1915C, 343, L. R. A. 1915E,
401, 105 N. E. 715, at 717: "When the law does not fix any
time for the commencement of a term of office to be filled by
appointment, the term will begin to run from the date of ap-
pointment." (See, also, *Attorney General* v. *Love,* 39 N. J. L.
476, 23 Am. Rep. 234; 23 Am. & Eng. Ency. of Law, 411,
415; *State* v. *Wentworth,* 55 Kan. 298, 40 Pac. 648;. *State
ex rel. Dawes* v. *Breidenthal,* 55 Kan. 308, 40 Pac. 651;
*Smith* v. *Cosgrove,* 71 Vt. 196, 44 Atl. 73; *Wilson* v. *McCarron,*
112 Me. 181, 91 Atl. 839; *People* v. *Green,* 2 Wend. (N. Y.)
266; *Crowell* v. *Lambert,* 9 Minn. 283; *People* v. *Burbank,*
12 Cal. 378; *People* v. *Townsend,* 102 N. Y. 430, 7 N. E. 360;
*State ex rel. Little* v. *Wentworth,* 55 Kan. 298, 40 Pac. 648,
649.)

Relator Morgan being in the office, there could be no actual
vacancy as long as he is the rightful occupant. He continues
to hold office until his death, resignation, removal or some
legal disability occurs. (*People* v. *Osborne,* 7 Colo. 605, 4

Pac. 1074; *State* v. *Elliott,* 13 Utah, 471, 45 Pac. 346; *People*
v. *Lord,* 9 Mich. 227; *People* v. *Bissell,* 49 Cal. 407.)

*Mr. T. P. Stewart* and *Mr. J. B. C. Knight, pro se,* for Re-
spondent, submitted a brief; *Mr. Stewart* argued the cause
orally.

Citing: *Hoke* v. *Richie,* 100 Ky. 66, 37 S. W. 255, 38 S. W.
132; *Hale* v. *Bischoff,* 53 Kan. 301, 36 Pac. 752; *Sheen* v.
*Hughes,* 4 Ariz. 337, 40 Pac. 679; *French* v. *Cowan,* 79 Me.
426, 10 Atl. 335; *Silver* v. *McGruder,* 32 Md. 387; *Burgan* v.
*New Jersey Civil Service Com.,* 84 N. J. L. 219, 86 Atl. 929;
*Castleman* v. *Meglemry,* 138 Ky. 313, 137 S. W. 1010; *State*
v. *Williams,* 222 Mo. 268, 17 Ann. Cas. 1006, 121 S. W. 64;
*People ex rel. Saunders* v. *Stockwell,* 66 Misc. Rep. 2, 121
N. Y. Supp. 6; 28 Cyc. 424; 29 Cyc. 1398; *State* v. *Severance,*
49 Mo. 401; *State* v. *Cook,* 20 Ohio St. 259; *Sherwin* v. *Bugbee,*
16 Vt. 444.

MR. CHIEF JUSTICE CALLAWAY delivered the opinion
of the court.

This proceeding was instituted by the relator against the
defendant to try title to the office of city attorney of Ana-
conda. After the issues had been made up the parties entered
into a written stipulation as to the facts. The controversy
was decided in favor of the defendant and judgment was
entered in his favor, from which relator has appealed.

The facts, as stipulated, are that the city of Anaconda is
a municipal corporation organized under the laws of this
state, having a population of more than ten thousand people.
The city has executive and legislative departments, the chief
executive officer being the mayor. The office of city attorney
of Anaconda was created under the laws of this state, and
is filled by the appointment of the mayor and confirmation
by the city council.

A municipal election has been held in Anaconda in each
odd-numbered year commencing with 1895, at which the

mayor and one-half of the aldermen have been elected, the other half of the aldermen having been elected on the even-numbered years. The term of office of the elective officers of the city commences on the first Monday of May after their election, the term being two years.

Prior to 1895, the office of city attorney was an elective one; in 1895 the office was made appointive. Mr. Timothy O'Leary, the first city attorney of Anaconda under appointment, was appointed on May 6, 1895, for a term of two years, and on the first Monday of each odd year thereafter a city attorney has been appointed by the mayor and confirmed by the council.

Pursuant to election Jas. B. McCavitt became mayor on the first Monday of May, 1923, and on the same day appointed W. H. Trippet, Esq., city attorney for the term beginning on that day, and the council promptly confirmed the appointment. Mr. Trippett qualified, entered upon and continued in the discharge of the duties of the office until March 18, 1924, when he departed this life. On that day Mayor McCavitt appointed the relator city attorney. The appointment was in writing and reads as follows: ''I hereby nominate, and with the approval of the council, appoint D. H. Morgan city attorney for the city of Anaconda, Montana, to fill the vacancy occasioned in the office by the death of W. H. Trippet. J. B. McCavitt, Mayor.'' On the same day the appointment was confirmed by the city council, whose minute entry reads as follows: ''March 24th, 1924. The Mayor appointed D. H. Morgan city attorney to fill the unexpired term of W. H. Trippet, deceased.'' Mr. Morgan, relator, qualified immediately and entered upon the performance of the duties of the office.

On May 4, 1925, pursuant to election, Mr. C. W. Smith succeeded Mr. McCavitt as mayor of Anaconda. On that day he assumed to appoint J. B. C. Knight, the defendant, to the office of city attorney and the appointment was immediately confirmed by the council. The defendant thereupon

qualified and ever since May 4, 1925, has occupied the office and performed the duties thereof.

The relator was present at the meeting of the city council when the appointment of the defendant came before it for confirmation and he orally protested the appointment of the defendant to the office, asserting that his own appointment on March 24, 1924, was for a full term of two years, which would not expire until the twenty-fourth day of March, 1926. The relator was not suspended or removed from his office as provided by the laws of this state, unless the action of Mayor Smith and the city council in appointing the defendant to the office terminated the relator's right thereto. Relator and defendant each possess the necessary qualifications for the office.

The question for decision then is, notwithstanding the fact that the mayor intended to appoint and the council to confirm relator to fill the unexpired term of W. H. Trippet, was he, as a matter of law, entitled to hold the office for two years?

Section 6 of Article VI of our state Constitution declares in part that the legislative assembly may provide for the election or appointment of such municipal officers "as public convenience may require and their terms of office shall be as prescribed by law, not in any case to exceed two years, except as in this Constitution otherwise provided."

Section 5038, Revised Codes of 1921, applicable here, provides that the city attorney "shall hold his office for two years, unless suspended or removed as provided in this Act." The quoted language has appeared substantially as above since the parent statute was enacted in 1887. (Sec. 358, 5th Div., Comp. Stats. 1887.) That section provided for the election of a city attorney and the term prescribed was one year. The term was made two years in 1889. (Laws 1889, p. 182.) The office was made appointive by an Act of the legislative assembly approved March 7, 1895 (Pol. Code, sec. 4787), which has continued to the present time without change. (Sec. 5038, *supra.*)

The phrase "two years" mentioned in the statute means a term of office of two years' duration. "The expression, term [1] of office, uniformly designates a fixed and definite period of time," say the authorities. (*State* v. *Stonestreet,* 99 Mo. 361, 12 S'. W. 895; *State* v. *Williams,* 222 Mo. 268, 17 Ann. Cas. 1006, 121 S. W. 64.)

"Term of office" is a phrase used to describe the period of time during which one regularly chosen by election or appointment and inducted into office is entitled to hold the same, perform its functions, and enjoy its privileges and emoluments. The time when a term of office commences is usually fixed by law. (28 Cyc. 423.)

Where the law creates an office and prescribes the length of [2] the term, omitting to fix the date when the term shall begin, but designates the power which is vested with authority to fill the office by appointment, it follows necessarily that the appointive power has the right to fix the commencement of the term. (*State* v. *Williams, supra; Attorney General ex rel. Haight* v. *Love,* 39 N. J. L. 476, 23 Am. Rep. 234; *Rightmire* v. *Camden,* 50 N. J. L. 43, 13 Atl. 30; *Hale* v. *Bischoff,* 53 Kan. 301, 36 Pac. 752.)

When, pursuant to the Act of March 7, 1895, the mayor appointed and the city council confirmed Timothy O'Leary as city attorney for a term of two years, beginning on the first Monday of May, 1895, that was the inception of the term. When the first period or term of two years ended, another immediately began. Each term followed the other in regular succession, each one commencing where the other ended. (*People ex rel. Mason* v. *McClave,* 99 N. Y. 83, 1 N. E. 235; *State* v. *Smiley,* 304 Mo. 549, 263 S. W. 825; *Hale* v. *Bischoff, supra.*)

In such case "the law does not contemplate that there is a new beginning and ending of the term by each appointment, but the term becomes fixed by the first appointment under the Act." (*State* v. *Williams, supra.*) This construction not only is correct as a matter of law, but is fortified by the uniform

practice of the city authorities of Anaconda from the beginning; such practice in doubtful cases is entitled to the respectful consideration of the courts. (*Sherwin* v. *Bugbee,* 16 Vt. 444; *State* v. *Severance,* 49 Mo. 401; *State* v. *Cook,* 20 Ohio St. 259.)

The foregoing propositions seem to be generally admitted. Divergence of opinion arises when a vacancy occurs. The au-
[3, 4]  thorities are in conflict. Many declare that where the term of a public officer is fixed by the Constitution or statutes of a state for a definite period, but no beginning or ending of the term is established, then whenever there is an election or appointment to the office to fill a vacancy the person elected or appointed holds the office for the full term and not merely for the unexpired term of the former incumbent. (*Boynton* v. *Heartt,* 158 N. C. 488, Ann. Cas. 1913D, 616, and note, 74 S. E. 470.) This holding seems to be predicated upon the common-law theory that the king was the source of all power and incidentally the dispenser of all offices, from which it resulted that there were no vacancies in the terms of public officers (note to *Boynton* v. *Heartt, supra*), or upon the theory that the word "term" applies to the person holding it and not to the office. Neither of these ideas appeals to us. A critical review of the decisions will not serve any useful purpose. Most of them turn upon the Constitutions and legislative enactments of the respective states, and we have concluded that this case should be decided in accordance with a view of the law which seems in harmony with the general tenor of our own state policy.

That vacancies in public offices are certain to occur is recognized frequently in our Constitution and statutes. Under section 511, Revised Codes of 1921, "an office becomes vacant on the happening of either of the following events before the expiration of the term of the incumbent." Ten events are named, the first being the death of the incumbent. Usually provision is made for filling the vacancy but none is made as to those in appointive municipal offices. The statute creating

the office of city attorney is not clear and explicit. Un-
doubtedly it created a term, but it did not provide a time
for its commencement, that being left to the appointing power,
as we have seen, and it did not make any provision for filling
a vacancy caused by death, resignation or removal. The
length of the term, however, is definite,—two years. The be-
ginning and ending of the term have become established by
operation of law.

While no especial provision has been made for filling a
vacancy in an appointive municipal office, that power is
included in the authority of the mayor and city council. The
law does not purpose an interregnum beyond the time neces-
sary to fill a vacancy. Section 5030, Revised Codes of 1921,
gives the mayor power to nominate, and, with the consent of
the council, to appoint all nonelective officers of the city,
except as otherwise provided. That relator was appointed
properly is conceded. The word "term" applies to the office
and not to the person holding it. (*Parmater* v. *State,* 102
Ind. 90, 3 N. E. 382; see, also, dissenting opinion by Mr.
Justice Hurly in *State ex rel. Jackson* v. *Porter,* 57 Mont.
343, 188 Pac. 375.)

In *Monash* v. *Rhodes,* 11 Colo. App. 404, 53 Pac. 236, the
court said that the word vacancy, as used in modern times,
relates not only to the office to be filled but to the term for
which the appointment is to be made; it is consistently used
in Constitutions and statutes with reference to both office and
tenure. "The proper interpretation of the word, when power
is given to an executive or board to fill a vacancy, is, a
power to fill the office designated for the unexpired term which
may remain after the death, removal or resignation of the
antecedent incumbent. In other words, when the incum-
bent dies, is removed, or resigns, there is a vacancy not only
in the office but in the term for which he was appointed, if
that was for a definite period."

"As a general rule one appointed to fill a vacant office holds
only until the expiration of the regular term." (28 Cyc.

425.)   An examination of the cases cited to sustain the fore-
going text shows that most of them have reference to elective
offices.   But where the term of an appointive office and the
commencement and ending of the term have been made defi-
nite, it seems to us the same rule of construction necessarily
follows.   Where the length of the term and its beginning—and
consequently its ending—are definite, and successive terms have
followed each other in regular order, the one beginning where
the other ended, and an incumbent has died, thus creating
a vacancy, it logically must be held that he who is appointed
to succeed the incumbent may hold only for the unexpired
term for which he is appointed.   A number of recent, well-
reasoned, decisions are to this effect.   (See *Hoke* v. *Richie,*
100 Ky. 66, 37 S. W. 255, 38 S. W. 132; *Castleman* v. *Meg-
lemry,* 138 Ky. 313, 137 S. W. 1010; *State* v. *Stonestreet,
supra; State* v. *Williams, supra; State* v. *Smiley, supra.*)

Our constitutional provisions and statutes respecting elec-
tive officers do not leave the subject in doubt.   Clearly one
who is appointed to fill a vacancy in an elective office fills out
the unexpired term only, unless by virtue of the express word-
ing of the Constitution or statute he may hold over until
his successor is elected and qualified.   (*State ex rel. McGowan*
v. *Sedgwick,* 46 Mont. 187, 127 Pac. 94; *State ex rel. Ben-
netts* v. *Duncan,* 47 Mont. 447, 133 Pac. 109; *State ex rel.
Rowe* v. *Kehoe,* 49 Mont. 582, 144 Pac. 162; *State ex rel.
Patterson* v. *Lentz,* 50 Mont. 322, 146 Pac. 932; *State ex rel.
Dunne* v. *Smith,* 53 Mont. 341, 163 Pac. 784.)

It would be an anomaly if the legislature had provided an
exception in the case of the city attorney.   That office, as we
have seen, was elective formerly.   Had it continued so, the
language of the Act respecting tenure being the same, there
can be no doubt that in case of a vacancy the appointee could
hold only for the unexpired term.   We are convinced that
the legislature by making the office appointive did not intend
to adopt a different rule with respect to vacancies.

If the theory of relator were to prevail it would permit a mayor and city council to extend the term of a city attorney practically throughout the entire term of the mayor's immediate successor by the simple expedient of having the city attorney resign on the last day of the term of the mayor (and one-half of the council) and thereupon reappointing and confirming the city attorney for a term of two years. (*Hoke* v. *Richie, supra.*) The mayor, with the help of the "old" council, could thus keep in office a city attorney of his own selection for a period of practically four years. And this might happen even if the policies of the appointing mayor and his city attorney had been repudiated at the polls. The new mayor would be compelled to retain a city attorney who might be entirely out of harmony with the policies of the new administration. When we consider the importance of a city attorney in the administration of civic affairs, it is apparent that relator's theory of the law should not be sustained unless it is supported by very cogent reasons. In the light of our Constitution and legislative policy we do not find it with such support. The interpretation contended for cannot be sustained.

Mr. Trippet was appointed for a two-year term, which began on the first Monday of May, 1923. The mayor appointed the relator "to fill the vacancy occasioned in the office by the death of W. H. Trippet." The council confirmed the appointment of relator "to fill the unexpired term of W. H. Trippet, deceased." The relator accepted the office under the terms of the appointment, and while no principle of estoppel is here invoked in view of the conditions obtaining we think he has no cause to complain.

The judgment is affirmed.

*Affirmed.*

ASSOCIATE JUSTICES HOLLOWAY, GALEN, STARK and MATTHEWS concur.