STATE EX REL. KUHL, RELATOR, *v.* KAISER ET AL., RESPONDENTS.

(No. 7,155.)

(Submitted November 20, 1933. Decided December 18, 1933.)

[27 Pac. (2d) 1113.]

*Mr. Raymond T. Nagle,* Attorney General, *Mr. C. F. Morris,* Assistant Attorney General, and *Mr. Al. Hansen,* County Attorney of Fallon County, for Appellants, submitted a brief; *Mr. Morris* argued the cause orally.

*Mr. D. R. Young,* for Respondents, submitted a brief.

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

This is a proceeding in mandamus to compel the issuance of certificates of election to G. E. Wilson and William Nicklas as trustees of school district No. 55 in Fallon county, a district of the third class. Its consideration involves the question as to who, of conflicting claimants, are entitled to the offices.

The agreed facts are these: W. V. Kaiser was elected trustee for a three-year term at the school election held in the spring of 1930; A. E. Hoff was elected for the same term in the spring election of 1931; and B. J. Kuhl for the same term in the election of 1932. In the summer of 1932 Hoff resigned, and defendant John Fried was appointed to fill the vacancy.' Kuhl resigned in the spring of 1933, and on March 25, 1933, defendant Weinschrott was appointed to fill the vacancy. Acting on the advice of the Attorney General, the board thus constituted caused notice of election to be posted calling for an election on the first Saturday in April, 1933, of three trustees—one for a three-year term, one for a two-year term, and one for a one-year term. Petitions were filed on March 27, 1933, nominating G. E. Wilson for the two-year term, and William Nicklas for the one-year term. On March 29 the board met and, pursuant to a second opinion of the Attorney General so advising, Fried and Weinschrott drew lots, and thus determined that Weinschrott should hold over for the two-year term, and Fried for the one-year term. Ballots were printed calling for the election of one trustee for the three-year term, and making no provision for an election for the other two trustees—all pursuant to the second opinion of the Attorney General.

At the election, by the use of stickers or by writing in the names and terms, Wilson received thirty-six votes for the two-year term, and Nicklas forty-four for the one-year term, the highest vote for any opposing candidate for either office being only five. M. F. Carrington was duly elected for the three-year term, and as to him there is no controversy here.

The board refused to issue certificates of election to Wilson and Nicklas on the theory that Weinschrott and Fried held over, and this proceeding, initiated by a resident taxpayer and elector, followed. On the foregoing facts the district court found for relator, and defendants appealed. The correctness of the judgment depends upon the construction to be placed upon certain statutory provisions.

Section 997, Revised Codes 1921, provides that the term of a trustee shall be three years. Section 998 provides that a trustee appointed to fill a vacancy "shall hold office until the next annual election, at which election there shall be elected a school trustee for the unexpired term." Section 1001 declares that "when at any annual school election the terms of a majority of the trustees regularly expire in districts of the first class, three trustees, in districts of the second class, two trustees, in districts of the third class, one trustee, shall be elected for three years, and the remaining trustee or trustees whose terms expire shall hold over for one or two years as may be necessary to prevent the terms of a majority of the board of trustees expiring in any one year; provided, that it shall be determined by lot what trustees shall hold over, and for what term."

The word "term" applies to the office and not to the person holding it. (*State ex rel. Morgan* v. *Knight,* 76 Mont. 71, 245 Pac. 267; and see *Wilson* v. *Shaw,* 194 Iowa, 28, 188 N. W. 940.)

Under the facts here the "terms" of the majority of the trustees did not regularly expire at the time of the 1933 election, within the meaning of section 1001, supra. The term of but one trustee regularly expired at that time, and that was filled by the election of Carrington. The other two terms will not expire until in 1934 and 1935, respectively. In consequence it was properly held by the trial court that section 1001 has no application to the facts here presented. Section 998 controls, and under it three trustees were properly elected in 1933, one for the three-year term regularly expiring at that time, and who would hold for the three-year term ending in 1936, one for the unexpired term ending regularly in 1934, and one for the term expiring regularly in 1935. The case of *Jersey* v. *Peacock,* 70 Mont. 46, 223 Pac. 903, is relied upon by defendants as compelling a different conclusion. That case is not controlling here, for there all three terms had regularly expired long before the election therein involved.

554

Section 1001 was merely intended to adjust the terms of school trustees so that a majority thereof should not expire at the same time. After this has once been accomplished in any school district, the section has no further application to such district if other statutory provisions have been complied with. The fact that this conclusion greatly restricts the application of section 1001 is no argument against such construction. The fewer the cases wherein a majority of the terms regularly expire at the same time, the more effectually is the legislative intent, expressed in section 1001, accomplished.

Section 1001 reveals no plan or purpose to paralyze the people's privilege of selecting their own trustees, except only in the case where there must be an adjustment of the terms so that a majority thereof shall not expire in any one year—a situation not presented here.

The court properly issued the writ of mandate prayed for, and the judgment is affirmed.

MR. JUSTICE STEWART concurs.

MR. CHIEF JUSTICE CALLAWAY: I concur. It seems to me that section 998, supra, is directly applicable and controlling in this case. Section 1001 is an obscure statute, and, whatever it may mean, I am unable to see its applicability to the conditions presented. I think the judgment of the lower court is correct.

MR. JUSTICE ANDERSON: I dissent. Every part of the statute must be made operative, if it is possible to do so. (*In re McLure's Estate,* 68 Mont. 556, 220 Pac. 527; *City of Billings* v. *Public Service Commission,* 67 Mont. 29, 214 Pac. 608; *Daley* v. *Torrey,* 71 Mont. 516, 230 Pac. 782; *Stange* v. *Esval,* 67 Mont. 301, 215 Pac. 807.) Statutes must be so construed that no word therein is to be considered meaningless, if such a construction can be reasonably found that will give it effect. (*In re McLure's Estate,* supra; *Daley* v. *Torrey,* supra; *State ex rel. Foot* v. *District Court,* 77 Mont. 290, 250 Pac. 793, 49 A. L. R. 398; *Mid-Northern Oil Co.* v. *Walker,*

65 Mont. 414, 211 Pac. 353; *State* v. *Mason,* 62 Mont. 180, 204 Pac. 358; *Dosen* v. *East Butte C. Min. Co.,* 78 Mont. 579, 254 Pac. 880.) This is said to be an elementary rule of statutory construction. (*In re McLure's Estate,* supra; *State ex rel. Smith* v. *Duncan,* 55 Mont. 376, 177 Pac. 248; *State ex rel. Koefod* v. *Board of Commrs.,* 56 Mont. 355, 185 Pac. 147.)

The rule referred to above is grounded on the presumption that the legislature did not use words without meaning. (*State ex rel. Smith* v. *Duncan,* supra.) The court, when construing a statute, has to determine the legislative intent from the language employed (*McNair* v. *School District,* 87 Mont. 423, 288 Pac. 188, 69 A. L. R. 866), before having recourse to other rules of construction (*Great Northern Utilities Co.* v. *Public Service Commission,* 88 Mont. 180, 293 Pac. 294).

The word "term," when used in a statute defining the longest time an office may be occupied before re-election or re-appointment, applies to the office and not to the person holding it. (*State ex rel. Morgan* v. *Knight,* 76 Mont. 71, 245 Pac. 267.) When the word "term" is thus used, there may be within a given term of any office one or more incumbents, all of whom occupy the office under the identical "term." The word "term" as applied to the holder of an office means either the time he is entitled to hold the office or the time actually served by an officer. (62 C. J. 723.)

Section 998, Revised Codes 1921, was enacted as a part of section 502, Chapter 76, Laws of 1913. It was subsequently amended in 1919 (Laws 1919, Chap. 196, sec. 11), but the amendment in nowise changed the applicable portion of the law here. Section 1001 was enacted as a part of the same chapter and section of the Laws of 1913.

The legislature in section 1001 said: "When at any annual school election the terms of a majority of the trustees regularly expire." The word "terms" was there used, not with reference to the period of time that a school trustee might occupy the office, but was used concerning the period of time during which an incumbent might retain the office. The word "regularly" means conformable to law or custom; in a way or

method according to rule or established mode; in uniform order. (*Matter of McCusker* (*In re Liquor Certificates*), 23 Misc. 446, 51 N. Y. Supp. 281; *City of Belleville* v. *Citizens' Horse Ry. Co.*, 152 Ill. 171, 38 N. E. 584, 26 L. R. A. 681.)

The trustees of the school district who had been appointed to fill vacancies until the election following, under the clear provisions of section 988, were without right to continue in office by virtue of their appointment after such election. Their right so to do had ceased because of the express provisions of law; it terminated at the annual election. The expiration of their right was regular, and hence their right to continue in office "regularly expired."

The legislature did not by express language limit the application of section 1001 to the three-year period necessary for the trustee as to the time and manner of election of school trustees when Chapter 76 of the Laws of 1913 was enacted. It used all-inclusive language: "When at any time, * * * ." Theretofore the entire board of trustees of a district could be elected at one time for a term of three years.

It is contended that the intention of the legislature was to have section 1001 apply only to the period of transition from the old system to the new for the election of school trustees, and also that it would apply to the identical situation such as prevailed in the case of *Jersey* v. *Peacock*, 70 Mont. 46, 223 Pac. 903. If the intention of the legislature was in accordance with the majority opinion, namely, that section 1001 applied only when the three-year term of a majority of the trustees of a school district expired, then the decision in the case of *Jersey* v. *Peacock* was erroneous, for the full three-year terms of the last-elected trustees had all expired and the persons so elected had been holding over, but that situation does not come within the purview of this statute, if we attribute the meaning suggested to it, since the terms did not expire "at the annual election," as stated in the section. The terms had expired long prior to the election.

The legislature in section 1001 declared the purpose of the Act to be to prevent the terms of a majority of the board of trustees expiring in any one year. In order to give effect to

this legislative intention as expressly declared, we hold that section 1001 applies to the situation now before us. A trustee who was appointed under the provisions of section 998 holds office until the next annual election as therein provided; and, if thereafter such trustee secured the right to occupy the office for an additional period of time, he gained the right so to do as a result of the proceedings had under section 1001. That section becomes operative only after the powers granted under section 998 have been exercised to the point of exhaustion. Both sections may stand without conflict and in complete harmony one with the other. This result is in accord with the rules of statutory construction adverted to above. To adopt any other construction renders section 1001 meaningless after the lapse of three years following its enactment and thwarts the declared legislative intention. The construction adopted is in conformity with the pronouncement of this court in *Jersey* v. *Peacock*, supra.

The majority opinion at least ignores the provisions of section 1001. The judgment should be reversed.

MR. JUSTICE MATTHEWS: I concur in the views expressed by MR. JUSTICE ANDERSON above.