BAILEY, PLAINTIFF, *v.* KNIGHT, COUNTY CLERK AND RECORDER, RESPONDENT.

No. 8664

Submitted April 10, 1946. Decided May 3, 1946.

168 Pac. (2d) 843

Mr. Rockwood Brown, Mr. Horace S. Davis, and Mr. Franklin S. Longan, all of Billings, for plaintiff.

Mr. Melvin N. Hoiness, of Billings, Mr. R. V. Bottomly, Atty. Gen., and Mr. Clarence Hanley, Asst. Atty. Gen., for defendant.

MR. JUSTICE ANGSTMAN delivered the opinion of the Court.

At the general election held in November, 1942, Dan Stephenson was elected sheriff of Yellowstone County for a four year term beginning the first Monday in January, 1943. He qualified and entered upon the discharge of the duties of his office. On May 26, 1943, he died. On June 1st plaintiff was appointed by the board of county commissioners to fill the vacancy until the next general election. Plaintiff qualified for the office and entered upon the discharge of the duties thereof.

At the next general election in November, 1944, plaintiff was the Republican nominee for the office and was elected. The ballot at both the primary and general election contained no limitation or restriction regarding the length of the term for which the respective candidates sought election but the notice of the primary election which was posted and published

throughout the county stated that candidates would be chosen for the office of sheriff for a two year term.

This proceeding seeks to have adjudicated the question whether plaintiff was elected in November, 1944, for a full four year term or whether he was elected only for the unexpired term of Dan Stephenson.

Since section 5 of Article XVI of the Montana Constitution was amended by Chapter 93, Laws of 1937, which became effective on December 2, 1938 (Session Laws of 1939, page 727), the term of office of sheriff has been four years. This is statutory also. Chapter 134, Laws of 1939. By the Constitution and statute, vacancies in the office of sheriff are filled by appointment by the board of county commissioners, and "the appointee shall hold his office until the next general election."

Other statutory provisions that bear upon the question before us are section 423, Revised Codes, which provides that "Every officer must continue to discharge the duties of his office, athough his term has expired, until his successor has qualified" and section 4734, which provides that "All vacancies in county or township offices, except county commissioner, are filled by appointment made by the county commissioners. Appointees hold until the vacancies are filled by election."

The concluding sentence of section 34, Article VIII of our Constitution is also important. It provides: "A person elected to fill a vacancy shall hold office until the expiration of the term for which the person he succeeds was elected." While the first part of section 34 is restricted to offices other than sheriff, the quoted part is not thus restricted.

The policy of our law, expressed not only in the Constitution but by statute, is that an appointee to an elective office "shall hold only until the people who elected his predecessor have the first opportunity to fill the office with a person of their own choice." State ex rel. McGowan v. Sedgwick, 46 Mont. 187, 127 Pac. 94. In that case the court declared section 2883, Revised Codes 1907, which authorized

the district judge to fill vacancies in the office of county commissioners "by appointing for the unexpired term," unconstitutional and issued a writ of mandate requiring the necessary things to be done to cause the unexpired term to be filled by election at the ensuing general election.

The case of State ex rel. Rowe v. Kehoe, 49 Mont. 582, 144 Pac. 162, involved the office of sheriff when the term was of but two years' duration. The proceeding was to enjoin the county clerk from placing the names of certain candidates on the ballot at the general election to fill out the term from the general election in November until the first Monday in January following. The injunction was granted because the court took the view that the election would be a nullity because the remainder of the term should be filled by special election even though held at the same time as the general election and that the county commissioners had failed to call and notice such an election. The opinion was participated in by only two justices. One of the two concurred in only that part of the opinion holding that there must be a called and noticed special election in order to have a valid election. The balance of the opinion was but the opinion of the individual justice who wrote it and while it is entitled to respectful consideration it is not stare decisis in any respect further than above noted.

Both the McGowan and the Rowe cases in effect held that the term of office of one appointed to fill a vacancy is for a part of the term for which the person he succeeds was elected. Likewise after appointment when the remainder of the term is filled by election, it means for the remainder of the term of the person originally elected and whose death or other disqualification caused the vacancy. Those cases also support the view that where the term of the one originally elected expires on the first Monday in January following the general election in November, it is proper to elect someone to fill that portion of the term from the general election until the first Monday in January.

It remains then to determine whether plaintiff was elected in November, 1944, to fill the unexpired term of Dan Stephenson or whether he was elected for a four year term commencing on the first Monday in January, 1945.

The latter claim cannot be sustained because there was no ▉ such term to be filled by election at that time. The only term to be filled at that time, so far as the office of sheriff was concerned, was the unexpired term of Dan Stephenson.

Plaintiff contends that the case of LaBorde v. McGrath, Mont. 149 Pac. (2d) 913 takes the contrary view. This contention cannot be sustained. The only question in the LaBorde case was whether resort to our primary election laws was permissible to nominate candidates to fill an unexpired term in the office of county treasurer at a general election. The contention was made that since section 632 in fixing the date of the primary nominating election provides that it should be ''on the third Tuesday of July preceding any general election (not including special elections to fill vacancies, * * *)'' and since a special election is one to supply vacancies in office (sec. 532, Rev. Codes), the primary election method could not be used to select candidates to fill the unexpired term in question. The court held that the primary election laws were applicable and that there was no occasion for a special election since the machinery of the general election laws was available and applicable. The court followed the holding in the McGowan case where the unexpired term was ordered to be filled at the general election rather than the holding in the Rowe case that a special election was necessary. In effect the LaBorde case holds that the vacancy caused by the death of the duly elected county treasurer was completely filled by the appointment and that at the election there was no purpose to fill a vacancy but merely to elect an officer for the unexpired term. It was the remainder of the term, and that only, that was actually filled by the election.

To the extent that the LaBorde case holds that the vacancy was completely filled by the appointment it was dictum and

unnecessary to the decision. The election for the unexpired term is still one to fill a vacancy and is so regarded by the Constitution, section 34, Article VII, which says: "A person elected to fill a vacancy shall hold office until the expiration of the term for which the person he succeeds was elected."

We think it of no consequence that the ballot did not specify the length of time for which the candidates sought the office in the instant case. The successful candidate could not have been elected for a longer term than was then remaining to be filled, which was the unexpired term of Dan Stephenson.

It follows that plaintiff's term of office expires on the day before the first Monday in January, 1947, that being the expiration date of the term of office of Dan Stephenson, and in consequence a sheriff must be elected for Yellowstone County at the coming general election in November, 1946, to serve for a four year term commencing on the first Monday of January, 1947.

Mr. Chief Justice Lindquist and Associate Justices Morris and Cheadle, concur.

Mr. Justice Adair (dissenting in part and concurring in part).

On May 26, 1943, after serving four months and twenty-two days of a regular four-year term of office, Dan Stephenson, the duly elected sheriff of Yellowstone county, died.

Upon entering upon the duties of his office the sheriff was required by statute to immediately appoint some person as undersheriff, Section 4775, Revised Codes, and upon the death of the sheriff it became the duty of the undersheriff to "in all things execute the office of sheriff until a sheriff is elected or appointed and duly qualified." Section 4776, Revised Codes.

The Montana Constitution undertakes to make ample provision for the election of county officers, to fix the terms of office, and to fill vacancies both by appointment and election. By Article III, Section 29, such provisions of the Constitution are made mandatory and prohibitory, hence its declarations with reference to the subjects upon which it speaks are conclusive upon the legislature (State v. Gowdy, 62 Mont. 119, 203

Pac. 1115) and prohibit the enactment of any law which extinguishes or limits powers conferred by the Constitution. State ex rel. Du Fresne v. Leslie, 100 Mont. 449, 50 Pac. (2d) 959, 101 A. L. R. 1329.

The Constitution contains various provisions respecting the filling of vacancies in office and the tenure of the persons appointed to fill such vacancies, and these provisions are different and vary in different offices.

Appointments to fill vacancies in the office of secretary of state, state auditor, state treasurer, attorney general or superintendent of public instruction are governed by Article VII, sec. 7 of the Constitution "and the appointee shall hold his office until his successor shall be elected and qualified."

Appointments to fill vacancies in the office of justice of the supreme court, judge of the district court, clerk of the supreme court, county attorney, clerk of the district court and justices of the peace are made pursuant to the provisions of Article VIII, section 34 of the Constitution, which also provides that, "A person appointed to fill any such vacancy shall hold his office until the next general election and until his successor is elected and qualified."

Section 423 and section 4734, Revised Codes, are not in conflict with the provisions of section 7 of Article VII or section 34 of Article VIII, supra, and would be applicable to appointments to fill vacancies pursuant to the last mentioned sections of the Constitution.

When a vacancy occurs in the board of county commissioners, the appointment to fill such vacancy is made pursuant to the provisions of section 4 of Article XVI of the Constitution and the appointee holds office "until the next general election when a commissioner shall be elected to fill the unexpired term."

Section 5 of Article XVI of the Constitution governs the filling of a vacancy in the office of county sheriff and provides that, "the appointee shall hold his office until the next general election."

It is quite apparent that sections 423 and 4734, Revised

Codes, so far as the term for which the appointee to fill a vacancy shall hold his office, are in direct conflict with the provisions of Sections 4 and 5 of Article XVI of the Constitution, which specifically state that the appointee to fill a vacancy in any of the offices mentioned in said sections 4 and 5 of Article XVI, supra, holds his office only "until the next general election." The provisions of these sections of the Constitution being prohibitory, the legislature may not extend the term of the appointee by statutory enactment providing that the appointee shall hold office "until his successor has qualified," Section 423, Revised Codes, or that, "Appointees hold until the vacancies are filled by election." Section 4734, Revised Codes. Thus, so far as the tenure of office of an appointee to fill a vacancy in the office of sheriff made pursuant to section 5, of Article XVI of the Constitution is concerned, sections 423 and 4734, Revised Codes, can have no application for the reason that such statutes are repugnant to Section 5 of Article XVI of the Constitution and must be so declared by the court. State v. State Board of Examiners, 74 Mont. 1, 238 Pac. 316; Hale v. County Treasurer of Mineral County, 82 Mont. 98, 265 Pac. 6; Stanley v. Jeffries, 86 Mont. 114, 284 Pac. 134, 70 A. L. R. 166; In re Clark's Estate, 105 Mont. 401, 74 Pac. (2d) 401, 114 A. L. R. 496.

Apparently the people of the state were unwilling to permit appointees to the office of county commissioner, Sec. 4, Art. XVI, and to the offices mentioned in section 5 of Article XVI of the Constitution, including appointees to the office of sheriff, to hold beyond the next general election at which time the opportunity would be first presented to them to fill the office by a person of their own choosing and, by the mandatory and prohibitory provisions of sections 4 and 5 of Article XVI, supra, have the people effectively and entirely withheld from the legislature the power to extend the term of any such appointee beyond the time of "the next general election" which is the limit fixed in the Constitution. State ex rel. McGowan v. Sedgwick,

46 Mont. 187, 192, 127 Pac. 94; LaBorde v. McGrath, Mont., 149 Pac. (2d) 913, 914.

"It is not for the courts to inquire what the purpose of the convention was in making different provisions for these different classes of offices, and by a process of construction undertake to declare that the convention intended to convey a meaning which its words do not express. When the courts have ascertained what the convention said and its language is clear and unambiguous and not limited or qualified in meaning by context or by other provisions on the same subject, the duty to interpret does not arise. The language is to be taken to mean what it says and nothing more, even though they may entertain the opinion that some other provision than the one under consideration would have been wiser.

"Accordingly, since the convention declared that one appointed to fill a vacancy in a county office shall hold until the next general election, it is our duty to so declare. It was therefore out of the power of the Legislature to ignore the provision in question and provide that appointees to fill vacancies should hold for the remainder of the regular term. Hence it follows that the Act of 1913, supra, is invalid because it undertakes to extend the tenure beyond the limit fixed by the Constitution. Mechem on Public Officers, sec. 386." State ex rel. Rowe v. Kehoe, 49 Mont. 582, 588, 589, 144 Pac. 162, 164.

It was within the power of the people to place sections 4 and 5 of Article XVI in their Constitution and the wisdom of such provisions is a matter to be determined by the people and not by the courts. "Therefore, as the date mentioned by which the tenure of the appointee is limited is that fixed by law for the holding of the general election—that is, the first Tuesday after the first Monday in November of the alternate years, beginning with the year 1894 (Rev. Codes, sec. 450)—such tenure must end on that date." State ex rel. Rowe v. Kehoe, supra, 49 Mont. at page 588, 144 Pac. at page 164.

Upon the death of Sheriff Stephenson his undersheriff was authorized by section 4776, Revised Codes, to immediately

execute the office of sheriff until the appointment and qualification, on June 1, 1943, of the plaintiff Bailey. Thereafter Baily held his office under such appointment "until the next general election" which was held on November 7, 1944, at which time Bailey was *elected* to the office of sheriff. Since Bailey held under the appointment of the board only until the next general election this case presents no question as to the right of an appointee to continue to hold the office of sheriff beyond the time of the holding of the next general election following his appointment.

Section 5 of Article XVI of the Constitution provides the only methods by which a person may lawfully attain and hold the office of sheriff specifically provided for in such section. Every person lawfully holding any such office was placed therein either. (1) by *election* or (2) by *appointment*. If appointed the mandate of the Constitution is that "the appointee shall hold his office until the next general election." If *elected* the incumbent must have been *elected* either (1) for a regular term of four years as is fixed in section 5 of Article XVI, supra, or (2) to fill the unexpired term of a prior incumbent. If *elected* the incumbent must have been elected at a *general election*. He could not have been elected at any special election for the Constitution provides for the filling of such office by election only at general elections and this obtains whether the incumbent was elected for a regular term or whether he was elected to fill the unexpired term of a prior incumbent. The Constitution makes no provision for the filling of vacancies in the office of sheriff or in any of the offices named in sections 4 and 5 of Article XVI thereof by any special election and having made ample provision for the filling of such vacancies by *appointment* and by *election* at a *general election* the power is entirely withheld from the legislature of making other or different provision for the filling of vacancies in such offices. State ex rel. McGowan v. Sedgwick, supra. For this reason Section 532, Revised Codes, is repugnant to sections 4 and 5 of Article XVI of the Constitution and as to the offices named

in such sections of the Constitution the statute can have no application.

Section 5 of Article XVI of the Constitution governs the filling of vacancies in the offices of county treasurer as well as in the office of sheriff and respecting the former office this court said in LaBorde v. McGrath, supra [149 Pac. (2d) 914]: "The people have reserved in themselves the power to elect county treasurers except when a vacancy shall occur in which event the people have delegated to the board of county commissioners the power to fill such vacancy in the office by appointment good only 'until the next general election' at which time the Constitution contemplates the people may elect whom they choose to occupy the office."

From and after his election on November 7, 1944, the plaintiff Bailey has held the office as the duly *elected* sheriff of Yellowstone county and not as an *appointee* of such office and had no one been elected at the general election to succeed the *appointee,* nevertheless the appointee would be out of office and the undersheriff would thereupon in all things execute the office. Section 4776, Revised Codes.

Originaly the Constitution provided that sheriffs should hold office "for the term of two (2) years," Sec. 5 of Art. XVI, but by an amendment voted by the people at the general election held on November 8, 1938, the section was changed to provide that the persons elected to such office shall hold "for the term of four (4) years" the mandate being that, "There shall be *elected* in *each county* * * * one sheriff" and that persons so elected shall hold office "for the term of four (4) years, and until their successors are elected and qualified." Const. Sec. 5, Art. XVI, as amended by Ch. 93, Laws 1937, see Laws of 1939, p. 727. This constitutional amendment requires that officers named in this amendment, including sheriff, be elected in each county each and every fourth year beginning with the general election held on November 8, 1938, on which date the amendment went into effect (State ex rel. O'Connell v. Duncan, 108 Mont. 141, 148, 88 Pac. (2d) 73), such officers to hold for a

regular term of four years. LaBorde v. McGrath, supra. Of course this plan of election must be and it is uniform throughout the state so that at the general election held November 3, 1942 sheriffs were elected in each county of the state, including Yellowstone county, for a regular term of four years and at the general election to be held on November 5, 1946, a sheriff is to be elected in each county, including Yellowstone county, for a like term of four years. The regular four-year term to which Dan Stephenson was elected at the general election of November 3, 1942, will not expire until the day preceding the first Monday in January 1947 and the only term to be filled in the office of sheriff of Yellowstone county at the general election of November 7, 1944, was the unexpired portion of the term of Dan Stephenson, deceased. It was only for this unexpired portion of the regular term of Dan Stephenson to which the plaintiff Bailey was elected, and the time at which Stephenson's regular term will expire had he lived determines the expiration of Bailey's present term of office as sheriff of Yellowstone county. Bailey and others *elected* by the people to fill unexpired terms in the offices named in section 5 of Article XVI of the Constitution are entitled to hold their respective offices to the end of such unexpired term and "until their successors are elected and qualified" but this applies only to "Persons *elected* to the different offices named in this section" and not to an *appointee* who shall hold his office only "until the next general election" and no longer.

A definite time is fixed by law in this state for the holding of a general election, being the first Tuesday after the first Monday in November of the alternate years beginning with the year 1894. Section 531, Revised Codes; State ex rel. Rowe v. Kehoe, 49 Mont. 582, at page 588, 144 Pac. 162, at page 164. "Where, as in the case of general elections, the time and place of holding the same are fixed by the law itself, statutory provisions as to notice are considered as merely *directory* inasmuch as electors are bound to take notice of the law, and hence a general election held at the time and place appointed by law

is not invalid because no further notice thereof was given."' (Emphasis mine.) 29 C. J. S., Elections, sec. 72, p. 95.

The law does not fix a definite time for the holding of special elections. Such elections "are held at such times as may be designated by the proper officer or authority." Section 532, Revised Codes. No "officer or authority" is empowered to designate a time other than the time for the holding of "the next general election" for the election of a person to the office of sheriff. It is Section 5 of Article XVI of the Constitution that designated and fixed the time at which the plaintiff Bailey should be voted upon by the electors of his county and no officer or authority could designate a different time therefor. As the time and place for holding special elections "are to be fixed by some authority named in the statute after the happening of a condition precedent, the statutes as to the giving notice therof, are considered *mandatory*, and failure to give notice or issue proclamation of such an election will render it a nullity; and this is especially true when it appears that such failure has prevented the electors generally from participating in such election." (Emphasis mine.) 29 C. J. S., Elections, sec. 72, p. 96; Shekelton v. Toole County, 97 Mont. 213, 33 Pac. (2d) 531.

While there is some conflict in the decisions as to whether an election for an unexpired term of office is vitiated for want of notice where the Constitution or statute provides that such election shall be "at the next general election," yet the better opinion seems to be that an election for an unexpired term which election has been actually and fairly held will not be vitiated for want of notice. "The underlying principle is that, inasmuch as the people have the right to choose officers to serve them, no informality in the election will suffice to defeat their will, as expressed by their votes, if in fact it appears that they had actual notice and did indicate their choice. This rule is especially applicable to cases in which the Constitution and statutes enacted in pursuance thereof require the election to be

held on the date of the general election.'' Stat ex rel. Patterson v. Lentz, 50 Mont. 322, 345, 146 Pac. 932, 938.

I concur in the holding that the only term to be filled at the general election of November 7, 1944, so far as the office of sheriff of Yellowstone county was concerned, was the unexpired term of Dan Stephenson and that the only term for which the plaintiff Bailey was elected was for that portion of the regular four-year term remaining after November 7, 1944 when Bailey's *appointment* expired and his term as the duly *elected* sheriff of Yellowstone county commenced, and that Bailey's present term will expire on the day preceding the first Monday in January 1947.