CASE 11—PETITION EQUITY—OCTOBER 22.

## Hoke v. Richie.

APPEAL FROM JEFFERSON CIRCUIT COURT, LAW AND EQUITY DIVISION·

1. TERM OF OFFICE—APPOINTMENT.—Where by statute an inspector of illuminating oils "shall remain in office for four years," and the incumbent dies during that period, the appointment of his successor is only for the unexpired part of the term, and not for a full term of four years, although the order of appointment so recites.

J. T. A. BAKER, B. H. YOUNG AND C. B. SEYMOUR FOR APPELLANT.

1. The statute provides that " the inspector shall remain in office for four years" (Ky. Stats., sec. 2204), and there is no time fixed at which the term shall begin—the effect of which is to provide that "the inspector shall remain in office four years" whether the office becomes vacant from death, resignation, expiration of the incumbent's term or otherwise.
2. The vacancy in such a case is in the office, and not in the term. Throop on Public Officers, secs. 319-320; People v. Green, 2 Wend.,

266; Atty-Gen'l v. Bruenst, 3 Wis., 787; People v. Townsend, 102 N. Y., 430; People v. Burbank, 12 Cal., 378; Saulsbury v. Middleton, 11 Ind., 296; Crowell v. Lambert. 9 Minn., 283; People v. Contant, 11 Wend. (N. Y.), 132; Keys v. Mason, 3 Sneed (Tenn.), 6; Barton v. Wilson, 4 Tex.. 400; Meredith's case, 33 Gratt. (Va.), 119; Marshall v. Harwood, 5 Ind., 423; Whipper v. Reed, 9 S. C., 5.

A. E. WILLSON, ROBT. E. WOODS AND CHAS. G. RICHIE FOR APPELLEE.

No brief in the record.

J. T. A. BAKER, C. B. SEYMOUR AND B. H. YOUNG IN PETITION FOR REHEARING.

1.  Courts can know nothing of the intention of an act of the Legislature except from the words in which it is expressed, and they can not give effect to what they may think to be the intention of the Legislature when not supported by the words of the statute. To do so the Judiciary would usurp a Legislative function. Endlich on Intrepretation. Secs. 1, 4, 7 and 8; Sedgwick on Stat. and Const. Law, 311; Bosley v.Mattingly, 14, B. Mon. 89;; Alexander v. Worthington, 5 Md., 472; Clark v. Mayor & C. C. Baltimore, 29 Md., 283; Maxwell v. State, 40 Md., 293.

2.  Where an appointment is made to fill a vacancy in an office which is appointive and not elective, the appointment is to fill the vacant office and not the vacant term of his predecessors. The term "vacant" applies to the office alone. Throop on Public Officers, secs. 319 and 320; Meredith's case, 33 Gratt, (Va.). 119; Hughes v. Buckingham, 5th Smedes & Marshall, 632, 648; People v. Townsend, 102 N. Y., 430; People v. Burbank, 12 Cal., 378; Saulsbury v. Middleton, 11 Md., 296; Crowell v. Lambert, 9 Minn., 283; People v. Constant, 11 Wend (N. Y.) 132; Ib., 511; Keys v. Mason, 3 Sneed (Tenn.), 6; Banton v. Wilson, 4 Tex., 400; Marshall v. Harwood, 5 Md., 423; Whipper v. Reed. 9 S. C., 5; 2d Abbott Law Dict., 624; People v. Wait. 9 Wend, 58; Bradley v. McCrabb, Dallam Digest, 504-511; Brewer v. Davis, 9 Hemp., 208-213; Wammach v. Holloway, 2 Ala., 31; Marbury v. Madison, 1 Cranch 156, 161, 162; People v. Comptroller, 20 Wend., 596; Hill v. State, 1 Ala. R. (N. S.), 561; Stuart v. Laird, 2 Cranch R., 299; Smith v. Italacre, 6 How., 582;, 601, 604. 605. etc.; Johnson v. Wilson, 2 N. St. R.,202; 1 Black Com., 143; 2 Black Com., 141, 144.

JUDGE DuRELLE DELIVERED THE OPINION OF THE COURT:

Appellant brought suit to prevent by injunction the

appointment of a successor in the office held by him of inspector of illuminating oils for Jefferson county.

Prior to 1886 the statute which fixed the duties and emoluments of the office provided for no term of office. The inspector appointed by the county judge was authorized "to remain in office until removed by the court for misconduct, negligence or incompetency." * * * The act of May 15, 1886, provides that "the inspector shall remain in office for four years, unless removed by the court for misconduct." * * *

In July, 1884, J. Fry Lawrence was appointed. In July, 1888, after the passage of the amendatory act, he was reappointed. In July, 1892, he was again appointed. In none of the orders of appointment was any mention made of any term for which he was to hold the office. In November, 1893, he died, and the county judge of Jefferson county thereupon appointed the appellant for four years, and the question for decision is whether this appointment was to fill the unexpired term of J. Fry Lawrence, or whether it was a new term of four years.

The language of the statute is peculiar and lends some force to the argument of appellant's counsel that the vacancy was in the office and not in the term. The cases cited in support of this view, notably the ones from New York, arise in States where the legislative will is in the direction of each officer holding for the full term provided by law, whether selected to fill a vacancy or at the expiration of a full term. Such is not and has not been the legislative tendency in this State. On the contrary all the legislation upon the subject of

tenure of those offices for which terms are fixed by law
has been in the direction of fixed terms of office, and of
filling vacancies therein, whether filled by appoint-
ment or election, only until the expiration of the regu-
lar term.   We have concluded, though with some hesi-
tation, that the apparent purport of the peculiar lan-
guage of the statute must yield to the general legisla-
tive purpose prevalent in this State.   We are of
opinion, therefore, that in July, 1892, J. Fry Lawrence
was appointed for a term of four years, and that the
appointment of appellant was for the unexpired part
of that term.

Judgment affirmed.

The court delivered the following response to a peti-
tion for rehearing December 11, 1896:

The questions in this case are, first, whether a term
was created in the office of inspector of illuminating
oils; and, second, whether the term is so fixed that a va-
cancy which may occur by death, resignation or re-
moval of the incumbent is a vacancy in the term which
may be filled for the remainder thereof, or a vacancy in
the office which must be filled by appointment for a
full new term.

It may be freely conceded that if the language of the
statute were clear and explicit in its meaning, that
meaning must prevail, whatever inconveniences may
ensue; but where, as in the statute under consideration,
the language used is ambiguous, in that it makes no
provision for a vacancy caused by death, resignation or
removal, we are constrained to consult the general in-

tent of the Constitution and the general legislative tendency.

Undoubtedly it was intended to create a term for this office. Being a county office, the Constitution requires that there shall be a term of office, and that it shall not exceed four years.

The Constitution, section 23 (see section 28, Bill of Rights, Constitution of 1850),provides that the Legislature shall not "create any office, the appointment of which shall be for a longer time than a term of years."

And in section 107, identical with article 6, section 10 of the Constitution of 1850, it is provided that "the General Assembly may provide for the election or appointment, for a term not exceeding four years, of such other county or district ministerial officers as may from time to time be necessary."

The statute provides (section 2204, Kentucky Statutes) that "the inspector shall remain in office for four years, unless removed by the court," etc.

The question is whether the words used mean, and were intended by the Legislature to mean, that the inspector's term should be four years from the time when the first inspector might be appointed under the statute, with successive terms of four years each, or whether on each occasion of a vacancy, however caused, a new full term was to commence at that date. In other words, whether the Legislature intended to create a regular term of office, disconnected from the person of the incumbent, or a personal franchise which attaches to him.

After carefully reconsidering the argument of counsel and the authorities cited we have concluded that the intent of the statute was to designate consecutive periods of four years, following each other in regular order, the one beginning where the other ends.

There is much confusion in the authorities on this question.    It is conceded that the apparent weight of authority is against the conclusion we have reached.

Throop on Public Officers says, section 319: "The authorities are not entirely harmonious respecting the duration of the term óf an officer elected by the people or appointed by the governor, or some other officer or a board of officers, to fill a vacancy, where the Constitution or the statute has failed to specify the duration of his term or where a provision upon that subject is of doubtful construction; but the weight of the authorities is decidedly in favor of the proposition that a person so chosen holds for a full term, and not merely for the unexpired portion of his predecessor's term."    And in section 320 the same author says: "The cases are not harmonious on the question whether, 'in the absence of any constitutional or statutory provision fixing the term of a person appointed to fill a vacancy he holds for a full term or only until the expiration of his predecessor's term.' "

But an examination of the authorities shows that the decisions in many of them were reached by consideration of the peculiar language of the Constitutions of the various States, and by consulting the constitutional and legislative policy of such States.    To illus-

trate: In New York the Constitution provided for the election of sheriffs "once in every three years, and as often as vacancies shall happen," and that the governor may remove them "at any time within the three years for which they shall be elected;" and it was held under this language that the person elected to fill a vacancy held for three years. (People *ex rel* Galup v. Green, 2 Wend., 266); and under a constitutional provision substantially the same, the same decision was rendered as to the office of surrogate    People v. Townsend, 102 N. Y., 430.

In this case it was stated by the court, *arguendo*. that the construction adopted "brings the offices of county judge and surrogate into harmony, with respect to filling vacancies therein, with those of the judges of the Court of Appeals and Superior Court, and also with those of sheriffs, county clerks, registers, coroners, district attorneys, and most other elective offices mentioned in the Constitution," thus recognizing the general intent of the Constitution as a factor in arriving at the construction of the act under consideration."

And in Wisconsin (Attorney General, &c. v. Brunst, 3 Wis., 689) the language of the Constitution as to sheriffs and certain other officers was copied from the New York Constitution, and was adopted after the latter had undergone judicial construction in the 2 Wend. case.

It was there reluctantly held that when the Constitution adopted the language of the New York instrument it was to be presumed that such judicial construction

was adopted with the particular provision.   Said the
court: "Were this a new question we should have re-
sisted the conclusion to which we have been impelled.
more strenuously; and even now it is with some reluct-
ance that we have been compelled to decide as we do.
The argument *ab inconvenienti* can  scarcely  ever
be stronger than in this case, and, did the construction
of the Constitution admit of doubt, it ought here to pre-
vail."

Without analyzing in detail the authorities cited it.
may be said that many,if not most of them, are decided
upon grounds similar to the grounds stated in the cases.
we have quoted, namely, the language of the Constitu-
tion and the constitutional and legislative tendency of
the State.

By section 161 of our Constitution it is provided:.
"The compensation of any city, county, town or munic-
ipal officer shall not be changed after his election or
appointment or during his term of office; nor shall the
term of any such officer be extended beyond the period
for which he may have been elected or appointed."

If the contention of appellant were to prevail it.
would permit the appointing power to extend the
terms of his appointees by causing them to resign on
the last day of his own term of office and thereupon re-
appointing them for new terms of four years.   We can
not believe that the Legislature so intended.

Nor can much weight be given, for the purpose of
showing a legislative tendency otherwise, to illustra-
tions of offices, the incumbents of which are remova-

ble at will, as commissioners and escheators, or offices in which there are no successors, as notaries public. Section 2008, Kentucky Statutes, which is one of the illustrations given by appellant as to boards of guardians, shows a clear intent on the part of the legislature to provide for terms of office ending at different periods, so as to have always some member of the board who is experienced in its duties. Another illustration given by appellant is section 2282, which distinctly provides that, in case of a vacancy in the office of trustee of the jury fund, a successor may be appointed for the unexpired term.

Petition for rehearing overruled.