CASE 42—ACTION BY DAVID R. CASTLEMAN AGAINST ED MEGLEMRY.—May 11, 1910.

## Castleman v. Meglemry.

Appeal from Jefferson Circuit Court (Criminal Branch).

JAMES P. GREGORY, Judge.

Judgment for defendant, and plaintiff appeals.—Affirmed.

Officers—Tenure of Office—"From his Appointment."—Ky. St. section 2282, creates the office of trustee of the jury fund, such trustee to be appointed by the circuit court in each county, and to hold his office for four years "from his appointment," and until his successor is appointed and qualified, and provides that the judge shall have power to remove the trustee

and appoint another for the unexpired term whenever the public interest may in his opinion require it. Held, that the intent was to designate consecutive periods of four years following each other in regular order, the one beginning where the other ends, as the terms of office, and not that each incumbent should serve four years after his appointment; the words "from his appointment" merely designating the beginning of the term of the first incumbent under the act, and where an incumbent was reappointed from term to term, the time being permitted to lap over the expiration of the term each reappointment was for the unexpired term, and where a four-year term ended on January 9, 1910, and an appointment was made December 18, 1909, the appointee was entitled to hold only until such later date.

DAVID R. CASTLEMAN and CHARLES CARROLL for appellant.

W. W. DAVIS and R. L. PAGE for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE BARKER —Affirming.

This suit was instituted in the Jefferson circuit court by David R. Castleman for the purpose of obtaining an injunction restraining the appellee, Ed. Meglemry, from interfering with him in the discharge of his duties as trustee of the jury fund of Jefferson county. The merits of the case involve a proper construction of the act of May 16, 1893 (now section 2282, Ky. St.), establishing the office of trustee of the jury fund. The appellant, David R. Castleman, was the incumbent in office when the appellee, Ed. Meglemry was appointed by Hon. James P. Gregory, judge of the criminal branch of the Jefferson circuit court. The case was tried before the chancellor of the First chancery division, who adjudged the appellee, Meglemry, to be the rightful in-

cumbent of the office. The greater part of his opinion, which we adopt as our own, is as follows:

"This case presents a contest over the office of trustee of the jury fund for Jefferson county. Prior to 1873 the statute provided for the appointment of a trustee of the jury fund by the circuit court in each county who should hold his office for a term of four years and until his successor is qualified. Gen. St. c. 62, art. 6, section 2. By an act approved May 16, 1893, now section 2282 of the Kentucky Statutes, it is provided as follows: 'There is hereby created and established in each county of this commonwealth the office of trustee of the jury fund. The circuit court in each county shall appoint a sober, discreet person, possessing the qualifications of an elector therein, as trustee of the jury fund: Provided that where the circuit court of any county has different divisions, such appointment shall be made by the judge of the criminal division thereof. He shall hold his office for the term of four years from his appointment and until his successor is appointed and qualified. He shall before entering upon the duties of his office, and every two years thereafter, and oftener if required by the judge of the circuit court, execute a covenant to the commonwealth, with good surety, to faithfully discharge the duties of said office, and to account for and pay over, as required by law, all public money which may come to his hands, said covenant shall be examined and approved by the judge, and shall be recorded in the order book, the original filed, and a certified copy forthwith transmitted to the Auditor of Public Accounts by the clerk of the circuit court. The judge of the court shall have power to remove the trustee from office, and appoint another for the unexpired term whenever the public interest

may, in his opinion, require it.' This statute became effective on October 1, 1893. The first appointment under the new act of 1893 was made by an order of January 9, 1894, which reads as follows: 'The term of office of Paul Cain, Esq., as trustee of the jury fund of Jefferson county, having expired, and he being ineligible under section 165 of the Constitution, the court this day appointed A. H. Jackson trustee of the jury fund for Jefferson county for the term of four years from this date.' The next appointment, so far as this record shows, was that of Simon M. Sapinsky, made on January 16, 1904. On December 18, 1908, the following order was entered in this court: 'It appearing to Joseph Prior, judge of the Jefferson circuit court, criminal branch, that S. M. Sapinsky was appointed and qualified as trustee of the jury fund for Jefferson county on January 16, 1904, for a term of four years from said date, and that said term has expired, and that a vacancy exists in said office, now Joseph Pryor, judge as aforesaid, does hereby appoint David R. Castleman, a sober, discreet person possessing the qualifications of an elector in Jefferson county, as trustee of the jury fund for the term of four years from this day, and until his successor is appointed and qualified, and thereupon came said David R. Castleman and qualified as said trustee of the jury fund by taking the oath required by law and executing a covenant to the commonwealth of Kentucky in the penal sum of $6,000.' Under this order the plaintiff qualified and acted as trustee of the jury fund until January 4, 1910, when Hon. James P. Gregory, the presiding judge of the criminal branch of this court, entered the following order: 'It appearing to the court that the term of David

Castleman, trustee of the jury fund of Jefferson county, has expired, and it further appearing to the court that said Castleman is still claiming to be and is acting as the trustee of the jury fund, said Castleman is now removed as such trustee and ordered to make final settlement of his accounts as trustee of the jury fund of Jefferson county, Kentucky. Ed. Meglemry is hereby appointed trustee of the jury fund of Jefferson county, Kentucky, for the term of four years beginning January 3rd, 1910, and ending Jan. 2. 1914. He may qualify as such by executing bond in the penal sum of six thousand dollars, with the National Surety Company as surety.' Subsequently, on February 19, 1910, Judge Gregory entered the following order: 'It is hereby ordered and adjudged that the order of this court of January 4, 1910, appointing Ed. Meglemry trustee of the jury fund for Jefferson county be, and the same is hereby confirmed and ratified.'

"These orders were entered without notice to the plaintiff. Meglemry qualified and took charge of the office, and has been performing the duties of the office since January 4, 1910. The plaintiff, Castleman, by his petition, seeks to set aside the orders of January 4 and February 19, 1910, upon the ground that they were void. An answer has been filed presenting the facts somewhat more in detail, and, as the facts shown by the two pleadings are not in dispute, the demurrers thereto present the question of the legal effect of these two orders of January 4 and February 19, 1910.

"The petition goes upon two theories: First, that plaintiff's term does not expire until December 18, 1913, being the term of four years from the time of his appointment on December 18, 1909; and, second,

that the initial term having begun on October 1, 1893, when the new act of May 16, 1893, became effective, and the successive terms having begun on October 1, 1897, 1901, 1905, and 1909, respectively, the term for which plaintiff was appointed on December 18, 1909, does not and will not expire until October 1, 1913. Each theory is, however, based upon the further contention that the judge had no right to remove the plaintiff except for cause shown and a hearing thereon. On the other hand, the defendant, Meglemry, contends: First that the terms began on January 9th of the years 1898, 1902, 1906, and 1910, respectively, and that the appointment of Meglemry on January 4, 1910, as confirmed on February 19, 1910, was for the four-year term beginning January 9, 1910; and, second, that under the terms of the statute Judge Gregory had the power to remove Castleman without cause shown and to appoint Meglemry. Judge Gregory declined to preside in the case, and has requested me to try it. We have, therefore, two questions for decision: First, the term of office; second, the right of the judge to remove a trustee of the jury fund without cause under the act of May 16, 1893 (Ky. St. section 2282).

"(1) The act of 1893 not only created and established the office, but it also added a new provision fixing the beginning of the term at and from the appointment of the trustee. The former provision of the General Statutes of 1873 merely provided that the trustee should hold his office for a term of four years. Therefore, when the act of 1893 fixed the beginning of the term of the appointment, it follows that it should run four years from that date. The case comes squarely within the rule explicitly announced in Hoke v. Richie, 100 Ky. 71, 37 S. W. 266,

38 S. W. 132, that the intent of the statute was to designate consecutive periods of four years, following each other in regular order, the one beginning where the other ends. Indeed, this case is stronger for the defendant than Hoke v. Richie; for in that case the statute merely provided that the oil inspector should 'remain in office for four years, unless removed by the court,' without giving any specific time for the term to begin. In stating the case in Hoke v. Richie the court said: 'The question is whether the words used mean, and were intended by the Legislature to mean, that the inspector's term should be four years from the time when the first inspector might be appointed under the statute, with successive terms of four years each, or whether on each occasion of a vacancy, however caused, a new full term was to commence at that date—in other words, whether the Legislature intended to create a regular term of office, disconnected from the person of the incumbent, or a personal franchise which attaches to him. After carefully reconsidering the argument of counsel and the authorities cited, we have concluded that the intent of the statute was to designate consecutive periods of four years, following each other in regular order, the one beginning where the other ends.' The court in that opinion stated that there was much confusion in the authorities upon the question, and conceded that the apparent weight of authority was against the conclusion there reached. Nevertheless the rule was explicitly stated after mature consideration, and must be treated as conclusive in this jurisdiction. Moreover, the rule in Hoke v. Richie was reaffirmed and applied in Tansey v. Stringer, 76 S. W. 537, 25 Ky. Law Rep. 916, in a way and under a state of facts that

makes that decision particularly applicable to the case at bar. The case involved the office of oil inspector for Kenton county for the period extending from July 24, 1902, to September 12, 1902. Tansey had been appointed on July 24, 1886, for a term of four years, and had been reappointed on August 22, 1890, and again on September 7, 1894, for similar terms. He was removed August 16, 1895, and Stringer was appointed to the office. On September 12, 1898, Stringer was removed and Tansey was reappointed. Finally, on July 24, 1902, Stringer was reappointed to the office, whereupon Tansey claimed that his term having begun on September 12, 1898, it did not expire until September 12, 1902, and that Stringer had been improperly appointed on July 24, 1902. It will be remembered that the initial appointment had been made on July 24, 1886, for a term of four years. In overruling Tansey's contention, the court, after reviewing and approving Hoke v. Richie, used this language: 'It therefore follows from the principle settled in the case above cited that the first term of office of appellant, who was the first appointee under the amendment fixing the term at four years, commenced on the 24th day of July, 1886, and ended on the 23d day of July, 1890, four years thereafter; that although the court in reappointing him from term to term allowed the time to lap over by failing to make the appointment on the day the term expired, his holding over did not have the effect of creating a new beginning for the term of office, but had the effect of making the appointment one for the unexpired term. The time during which appellant was allowed to hold over by the failure to reappoint him on the day his term expired was not an extension of the old term, but a diminution of the

new.    His term which is involved in this litigation expired on the 23d day of July, 1902, and consequently the appointment of the appellee was proper.'    See also, Democratic Publishing Co. v. Patterson, Clerk, 78 S. W. 131, 25 Ky. Law Rep. 1457.    Under the rule so explicitly announced in Hoke v. Ritchie, and reaffirmed and applied in Tansey v. Stringer, it is clear beyond a doubt that the first term of office of trustee of the jury fund began on January 9th, the day of Jackson's appointment in 1894, and expired on January 8, 1898; that the second term began on January 9, 1898, and expired on January 8, 1902; that the third term began on January 9, 1902, and expired January 8, 1906; that the fourth term began on January 9, 1906, and expired on January 8, 1910; and the fifth term began on January 9, 1910, and will expire on January 8, 1914; that the appointment of Sapinsky on January 16, 1904, was for the unexpired portion of the third term which expired on January 8, 1906; that the appointment of plaintiff on December 18, 1909, was for the unexpired portion of the fourth term which expired on January 8, 1910, and that these intermediate appointments did not prolong the terms beyond the regular four year periods above designated.

The appellant suggested in the argument at bar, though he does not insist on it in his brief, that by the addition of the words "from his appointment" in the sentence, "he shall hold his office for the term of four years from his appointment and until his successor is appointed and qualified," it was meant to make each succeeding term four years from the date of the appointment without reference to the preceding occupancy of the former incumbent; or, in other words, to make the office a personal franchise

for four years after the appointment of the trustee. This construction is untenable because it would make the act contradictory with itself. The last sentence of the section is as follows: "The judge of the court shall have power to remove the trustee from office, and appoint another for the unexpired term whenever the public interest may, in his opinion, require it." If the office was a mere personal franchise of four years, there would be no unexpired term after the removal of the incumbent, and the new appointee would hold for his own term of four years beginning from the date of his appointment. There is, then, no meaning to be attached to the words "from his appointment," above quoted, except to mark the beginning of the first term under the new act (section 2282). From that time on the office consisted of terms of four years each, without regard to the time of the appointment of any subsequent incumbent. It was manifestly not the intention of the Legislature to turn out of office all the trustees of the jury fund holding office under the old law, but on the contrary, it was evidently intended to allow such of these as were deserving to hold on until their terms expired, after which the new appointees would hold for four years from the date of their appointment.

Under this construction of the statute, the appellant, as held by the chancellor, was appointed for an unexpired term, which ended January 9, 1910. After that time the term of his successor, Ed. Meglemry, began.

Judgment affirmed.