[Civ. No. 9378.   First Appellate District, Division Two.—November 7, 1934.]

THE KING CITY UNION HIGH SCHOOL DISTRICT et al., Appellants, v. W. C. WAIBEL, Respondent.

66

Rosendale, Scott & Thomas for Appellants.

C. F. Lacey for Respondent.

SPENCE, J. — This action for declaratory relief was brought by plaintiffs for the purpose of determining the validity of a contract entered into with defendant. The trial court sustained the contentions of defendant and declared that the contract was a "valid and subsisting contract and binding upon the parties thereto". Plaintiffs appeal from said judgment.

The trial court handed down a written opinion which correctly states the facts and which in our opinion correctly disposes of the question of law involved. We therefore adopt said opinion as part of the opinion of this court. It reads as follows:

"It appears by the stipulation and pleadings that the King City Union High School District is a regularly organized union high school district of the state of California employing more than eight teachers, and is under the control of a board of trustees consisting of five members.

"That on the 10th day of January, 1933, the board passed a motion to employ W. C. Waibel for the term ending July 1, 1933, as principal of said high school district, and at the same meeting passed a motion to elect him district superintendent of said district for the term of four years commencing on July 1, 1933, and ending June 30, 1937.

"Two new members of the board were elected on the last Friday in March, 1933, and the board as constituted at the time of the institution of this action consisted of three of the persons who were members when said action was taken and two new members.

"Pursuant to said motions contracts were signed by Mr. Waibel and the board covering the two positions for the terms stated.

"The question presented is whether the contract of employment as district superintendent, having been entered into before the election and the seating of the two new members and reorganization of the board on the 1st of May, 1933, is valid, inasmuch as it is for services wholly to be performed after that date.

"Sections 2.90 and 2.92 of the School Code authorize such a district to employ a district superintendent for a period of four years, and section 2.93 provides that such superintendent must hold both a valid administration certificate and a valid teacher's certificate. Waibel held both certificates.

"Section 5.401 of the School Code provides: 'Persons requiring certification qualifications may be elected for the ensuing school year on or after the first meeting of the governing board of the district as reorganized on the first of May and each person so elected shall be deemed reelected from year to year except as hereinafter provided.'

"Plaintiff contends that this last section prohibits the school board from electing Waibel as district superintendent for a term to commence after that school year previous to a meeting held May 1, 1933, and cites a number of cases from other jurisdictions, most of which are found in a note in 70 American Law Reports 799, at 805 et seq., which states the majority rule to be that where the contract of employment of a teacher is for a period of performance which lies wholly within the term of a succeeding board, the contract is invalid as being against public policy.

"The court is of the opinion that where, as here, there appears to be no bad faith, fraud and undue advantage taken, that it is not for the court to say that such a contract is against public policy simply because it was made in January and did not take effect until the beginning of the next school year. There is nothing in section 5.401 which inhibits

such a contract, for this contract was made subsequent to May 1, 1932, and the board as then organized had power to employ a district superintendent for a period of four years.

■ Under the laws of this state we do not regard a school board as a different board simply because some of its personnel has been changed at an election. Such a board is a continuing body and in legal contemplation the new board is the same board that entered into the contract. (*Cope* v. *County of Sutter*, 206 Cal. 445, at 454 [274 Pac. 750].)

"In that case the board of supervisors of Sutter county on December 5, 1922, employed the plaintiff to prepare plans and specifications for the extension of a bridge. The defendant there claimed that as the contract was made in December, between the time a new board was elected in November and the time such new board took office in January, that such contract is against public policy, because the outgoing board contracted in advance what the new board shall do, and the new board is thereby deprived of their legislative function, discretion and power to act for the best interests of the county. The Supreme Court held there was no merit in the contention for the reasons above stated. It is obvious that in that case the whole or at least practically the whole of the above work was to be performed after the first Monday of January, 1923.

■ "Our school laws are based on the theory that it is well to have a continuity of policy and personnel except for good cause. This is the spirit behind our so-called Teachers' Tenure Law. If our legislature had desired to limit the power of a school board to elect a district superintendent for a term of four years commencing at the beginning of the next school year, so that the board could not have elected a district superintendent for such a term until after the 1st of May next preceding the commencement of that term, it would seem to the court that it has not done so. For there is no such limitation in section 2.90, 2.92 or 2.93, and section 5.401 cannot be construed to apply to district superintendents, for that section applies only to those requiring certifications whose tenure is limited to one year. ■ It is for the legislature and not the courts to declare a contract such as this contract contrary to public policy, where the court cannot find in the legislative acts any such declaration of

policy, and the legislative policy seems to be directly to the contrary."

In the foregoing opinion, the trial court refers to what it terms the "majority rule" as stated in the note in 70 American Law Reports, 805. We believe, however, that the apparent conflict in the decisions is largely due to the varying statutory provisions in the several jurisdictions. This was pointed out in *School District No. 9* v. *Gigax,* 69 Colo. 161 [170 Pac. 184], where numerous cases were distinguished and the contract was held to be valid. Many authorities are cited in that decision in support of the court's conclusion to which may be added the more recent cases of *Gardner* v. *North Little Rock Special School District,* 161 Ark. 466 [257 S. W. 73], and *Tate* v. *School District No. 11 of Gentry Co.,* 324 Mo. 477 [23 S. W. (2d) 1013, 70 A. L. R. 771].

In 24 Ruling Case Law, 579, the text-writer states: "In the absence of an express or implied statutory limitation, a school board may enter into a contract to employ a teacher or any proper officer for a term extending beyond that of the board itself, and such contract if made in good faith and without fraudulent collusion binds the succeeding board. It has even been held that under proper circumstances a board may contract for the services of an employee to commence at a time subsequent to the end of the term of one or more of their number and subsequent to the reorganization of the board as a whole, or even subsequent to the terms of the board as a whole." Likewise, the text-writers in 29 Lawyers' Reports Annotated (N. S.) 657, says: "Where there is no limit placed on the exercise of the power conferred upon school trustees or boards to contract with and employ teachers, a contract by such trustee or board employing a teacher for a term to commence or to continue after the expiration of the term of such trustee or board is valid, and binding upon their successors in office. (Citing cases.)"

In the instant case there was no express statutory limitation relating to the time at which the election of the district superintendent could be held. The only possible implied statutory limitation was that it should not be held at an unreasonable length of time before the commencement of the employment. Here the employment was to commence at the beginning of the school year on July 1, 1933, and it

cannot be said that an election held in January, 1933, was held an unreasonable length of time before the commencement of the employment. It is apparently conceded here that the election was held and that the contract was made in good faith and without any fraud or collusion. Under these circumstances we are of the opinion that the mere fact that the election was held and the contract was entered into prior to the time of the reorganization of the board would not serve to invalidate the contract.

The judgment is affirmed.

Nourse, P. J., and Sturtevant, J., concurred.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 3, 1935.