**BOARD OF EDUCATION OF PENDLE-TON COUNTY, Appellant,**

**v.**

**Richard L. GULICK, Appellee.**

Court of Appeals of Kentucky.

Jan. 21, 1966.

Ben B. Fowler and Dailey & Fowler, Frankfort, for appellant.

William E. Johnson and Johnson & Burton, Frankfort, for appellee.

HILL, Judge.

In this declaratory judgment action appellant, Board of Education of Pendleton County, appeals from a judgment upholding an order of that board employing appellee as the superintendent of schools for a four-year term to commence one year before the end of the term running at that time.

In January 1961 the board employed appellee for a four-year term beginning July 1, 1961, and ending June 30, 1965. On June 6, 1964, a majority of the board entered an order employing appellee as such superintendent for another four-year term, commencing July 1, 1964, and ending June 30, 1968. Two of the three members of the board so voting on June 6, 1964, were defeated in the November 1964 election, and their successors on the board joined with another member (who voted against the initial employment of appellee) in the prosecution of this action. The annual salary in the first order of employment was fixed at $7,200, and the second order of employment entered June 1964 raised the salary to $7,700 annually.

Terms of two of the three members of the board who voted for the first term of employment expired with the year 1964, and their successors qualified in January 1965.

The judgment of the trial court upheld the order employing appellee Richard L. Gulick for the second four-year term.

The question presented involves a construction of KRS 160.350, which in part is as follows:

"Each board of education shall appoint a superintendent of schools whose term of office shall begin on July 1 following his appointment. The appointment may be for a term of one, two, three or four years. The board shall fix the salary of the superintendent at not less than $1,200 per annum, to be paid in monthly installments. In the case of a vacancy in the office for an unexpired term, the board of education shall make the appointment so that the term will end on June 30."

Appellant argues that when a "term" is once fixed by the board at either one, two, three or four years, it does not have the authority to change the expiration date of

the term so fixed in order to create a term differing from that originally fixed. Appellee contends the board has authority to change the length of the term, as well as the date of its beginning, at any time it may desire to do so.

Appellee points out, with some logic, that when the Legislature enacted KRS 160.350 it left out the following language which appears in K.S. 4399a–10, now repealed by KRS 160.350: "In case of vacancy due to any cause the county board of education shall fill the vacancy and the appointment shall be for the unexpired term, and until his successor shall have been appointed and qualified."

To place the two provisions side by side, even at the risk of repetition, we quote the pertinent portion of the present statute: "In the case of a vacancy in the office for an unexpired term, the board of education shall make the appointment so that the term will end on June 30." This change in language is some evidence of the legislative intent as it relates to the filling of a vacancy for a "term," but we do not think it conclusive of the legislative intent. The history and tradition in Kentucky of the use of the word "term," as well as its use and interpretation given by our Constitution, afford further insight into what the Legislature meant by the use of the word "term" in the statute in question.

The second edition of Webster's International Dictionary defines "term" thus: "A limited or definite extent of time; the time for which anything lasts; duration; tenure; as, a term of five years; the term of life, of a policy; a presidential term."

We find the word "term" in Section 23 of our Constitution, which we quote in full: "The General Assembly shall not grant any title of nobility or hereditary distinction, nor create any office the appointment of which shall be for a longer time than a *term* of years." (Emphasis added.)

The word "term" is defined in the early case of Speed & Worthington v. Crawford, 60 Ky. (3 Met.) 207, to be a fixed and definite period of time.

Really, there is virtually no controversy as to the actual meaning of the word "term." Our question relates to the power of the board of education in the present case to change a term after it has once been established under legislative authority. Therefore, we are led to analyze the reason for the use of the word "term." The writers of the Constitution wanted no title of nobility or hereditary distinction. They also provided that no office should be created, "the appointment of which shall be for a longer time than a *term* of years." (Emphasis added.) It was contemplated by the authors of the Constitution that the Legislature would have the right to fix terms of office for only a period of years, thereby enabling the people periodically to select public officers. The reasons are obvious.

Apparently it is a general rule that a school board may contract with the superintendent for a period extending beyond the term of the board, unless forbidden by statute. 70 A.L.R. 802; 147 A.L.R. 336, 343; 47 Am.Jur., Schools, Section 117; King City Union High School District v. Waibel, 2 Cal.App.2d 65, 37 P.2d 861; Hovart v. Jenkins Tp. School District, 337 Pa. 193, 10 A.2d 390; Maynard v. Allen, 276 Ky. 485, 124 S.W.2d 765. However, the board has no power to disturb a pre-existing term. Whitley County Board of Education v. Rose, 267 Ky. 283, 102 S.W.2d 28, 29 (1937), from which we quote:

"The fact that the County Board of Education attempted to elect Rose for a new term worked no change in his status. At the time of the election there existed only a vacancy in the term of Hill, who had resigned before the expiration of his term. The statute in force at that time provided that in case of vacancy due to any cause the County Board of Education should fill the vacancy, and the appointment

should be for the unexpired term, and until his successor shall have been appointed and qualified. Section 4399a–10, Kentucky Statutes. It follows, as held by Judge Dietzman, that the board had the power only to fill the vacancy, and did not have the power at that time to extend the term of office and elect Rose not only for the vacancy, but for the extended term."

Notwithstanding the slight difference in the statute quoted in the Rose case and the present statute, we think the conclusion and philosophy in Rose is dispositive of the present case. In the present statute, a choice is given in the matter of the length of term to be fixed, either one, two, three or four years. But once the length of the term has been fixed, the board loses control over the term thus created. Board of Education of Boyle County v. McChesney, 235 Ky. 692, 32 S.W.2d 26, 28 (1930), wherein it is said: "When a power is given and has been exercised, and the repository of the power has no further control over the subject, except to remove the appointee for cause, the appointing power is exhausted and may not be reconsidered. * * * Thus the appointment became complete, and the power of the board for the time being was exhausted."

The legislative and judicial tendency in this State in a similar situation was further demonstrated in Hoke v. Richie, 100 Ky. 66, 37 S.W. 266, 38 S.W. 132 (1896), in which this Court said:

"In November, 1893, he died, and the county judge of Jefferson county thereupon appointed the appellant for four years, and the question for decision is whether this appointment was to fill the unexpired term of J. Fry Lawrence, or whether it was a new term of four years. The language of the statute is peculiar, and lends some force to the argument of appellant's counsel that the vacancy was in the office and not in the term. The cases cited in support of this view (notably the ones from New York) arise in states where the legislative will is in the direction of each officer holding, for the full term provided by law, whether selected to fill a vacancy or at the expiration of a full term. *Such is not, and has not been, the legislative tendency in this state. On the contrary, all the legislation upon the subject of tenure of those offices for which terms are fixed by law has been in the direction of fixed terms of office, and of filling vacancies therein, whether filled by appointment or election, only until the expiration of the regular term.* We have concluded, though with some hesitation, that the apparent purport of the peculiar language of the statute must yield to the general legislative purpose prevalent in this state. We are of opinion, therefore, that in July, 1892, J. Fry Lawrence was appointed for a term of four years, and that the appointment of appellant was for the unexpired part of that term." (Emphasis added.)

We quote further from the same styled case found in 38 S.W. 132, apparently on petition for rehearing:

"The statute provides (section 2204, St.Ky.) that the 'inspector shall remain in office for four years, unless removed by the court,' etc. The question is whether the words used mean, and were intended by the legislature to mean, that the inspector's term should be four years from the time when the first inspector might be appointed under the statute, with successive terms of four years each, or whether on each occasion of a vacancy, however caused, a new full term was to commence at that date; in other words, whether the legislature intended to create a regular term of office, disconnected from the person of the incumbent, or a personal franchise which attaches to him. *After carefully reconsidering the argument of counsel and the authorities cited, we*

*have concluded that the intent of the statute was to designate consecutive periods of four years following each other in regular order, the one beginning where the other ends."* (Emphasis added.)

"If the contention of appellant were to prevail, it would permit the appointing power to extend the terms of his appointees, by causing them to resign on the last day of his own term of office, and thereupon reappointing them for new terms of four years. We cannot believe that the legislature so intended."

The reasoning in Hoke v. Richie, supra, was also followed in Schardein v. Harrison, 230 Ky. 1, 18 S.W.2d 316, 317 (1929), wherein we find the following good definition of "term" as used in a similar situation: " 'Term' is thus identified and defined as a certain and fixed period of four years. It commences when the mayor is elected and inducted into office, and ends at the end of the four years for which he was elected."

Counsel for appellee earnestly contends that Board of Education of Graves County v. DeWeese, Ky., 343 S.W.2d 598 (1961), provides precedent and authority for upholding the action of the board in the present case. With this we cannot agree. DeWeese involved the power of the county board to increase the salary of its superintendent during his term of office. The facts are dissimilar.

Finally, we conclude the board of education was without power to create a new term before the end of and out of the previous term. Under any other conclusion, it would be possible for a superintendent, by hook or crook, barter or trade, to secure the votes of a majority of the board members, splice terms, and perpetuate himself in office indefinitely, thereby defeating the right of the people to indirectly select this important officer.

By the conclusion reached, we do not intend to imply that the board of education may not change the length of the term of the superintendent, but it must be done within a reasonable time before the end of a term and in a manner not to disturb a term theretofore established.

Wherefore the judgment is reversed with directions to enter another consistent herewith.