

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

August 31, 1971

Honorable Henry Wade
District Attorney
Dallas County Government Center
Dallas, Texas   75202

Opinion No.  M-945

Re:  Whether the term "two
terms or more as a duly
elected justice of the peace"
used in H.B. 168, Acts 62nd
Leg., R.S., 1971 (codified
as Art. 5972, V.C.S.) re-
quires the completion of
service of two full terms
in that office.

Dear Mr. Wade:

You have requested an opinion from this office on the following ques-
tion:  Is a justice of the peace, who is not a licensed attorney but who
completed one full four year term, beginning January 1, 1967, and was re-
elected and started his second term January 1, 1971, exempt from taking
a forty hour course in the performance of his duties under the provisions
of Section 2 of Article 5972, Vernon's Civil Statutes (as amended by H.B.
168, p. 1110, Session Laws, Acts 62nd Leg., R.S., 1971).

Article 5972 as amended reads in part as follows:

"Art. 5972. 'Incompetency.'

"(a)  By 'incompetency' as used herein is meant gross ignorance
of official duties, or gross carelessness in the discharge of them;
or an officer may be found to be incompetent when, by reason of
some serious physical or mental defect, not existing at the time
of his election, he has become unfit or unable to discharge promptly
and properly the duties of his office.

"(b)  In the case of a justice of the peace who is not a licensed
attorney, 'incompetency' also includes the failure to successfully

-4627-

complete within one year from the date he is first elected, or if he is in office on the effective date of this Act, one year from the effective date of this Act, a forty-hour course in the performance of his duties; said course to be completed in any accredited state-supported school of higher education.

"Section 2. Persons having served two terms or more as a duly elected justice of the peace are exempted from provisions of subsection (b) of this Act. (Emphasis added)

". . ."

Section 65 of Article XVI of the Constitution of Texas sets the term of office for a justice of the peace at four years.

In the case of Board of Education of Pendleton County v. Gulick, 398 S. W. 2d 483, (Ky. Ct. App. 1966) we find the following definition for term of office.

" 'Term' is thus identified and defined as a certain and fixed period of four years. It commences when the mayor is elected and inducted into office, and ends at the end of four years for which he is elected. "

Therefore, it is our opinion that the words, "persons having served two terms or more as a duly elected justice of the peace," as set out in Section 2 of Article 5972, supra, could have but one meaning under the clear wording of the statute. This meaning is that a justice of the peace, to be exempt from attending the forty hour course as required by the statute, must have served a minimum of two terms of four years each, to be exempt from the provisions of this Act.

## SUMMARY

Under the provisions of Section 2 of Article 5972, V. C. S., as amended by H. B. 168, Acts 62nd Legislature, R. S., 1971, a justice of the peace must have served a minimum of two terms, of four years each, to be exempt from attending the forty hour course of instruction as required under the provisions of the Act.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by John H. Banks
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

Max P. Flusche
Ray McGregor
Dyer Moore, Jr.
William J. Craig

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant