Ulan **CHILDERS** et al., etc., et al., Appellants,

v.

Ervin S. **PRUITT**, Appellee.

Court of Appeals of Kentucky.

June 14, 1974.

Ben B. Fowler, Stites, McElwain & Fowler, Frankfort, Henry D. Stratton, Pikeville, for appellants.

Kelsey E. Friend, John Paul Runyan, Pikeville, for appellee.

VANCE, Commissioner.

Tilden Deskins was appointed school superintendent of the Pike County School District for a four-year term commencing July 1, 1973, and expiring June 30, 1977. He resigned after serving only ten days of that term. The school board accepted his resignation and purported to appoint James Dotson to serve as superintendent from July 11, 1973, until June 30, 1974.

In October 1973, the board of education by a three-two vote appointed the appellee, Ervin Pruitt, as school superintendent from July 1, 1974, until June 30, 1977.

In November 1973, one of the three-man majority of the school board in favor of Pruitt had a change of heart and the board voted three to two to rescind its action appointing Pruitt as superintendent and ap-

pointed Dotson as the superintendent from July 1, 1974, to June 30, 1977.

An action for a declaration of rights was instituted by Pruitt in the Pike Circuit Court. A judgment was entered upholding the validity of the appointment of Pruitt.

KRS 160.350 provides as follows:

"160.350. Superintendent of schools — Appointment — Term — Salary — Vacancy — Qualifications — Removal. —Each board of education shall appoint a superintendent of schools whose term of office shall begin on July 1, following his appointment. The appointment may be for a term of one (1), two (2), three (3) or four (4) years. The board shall fix the salary of the superintendent at not less than $1,200 per annum, to be paid in monthly instalments. In the case of a vacancy in the office for an unexpired term, the board of education shall make the appointment so that the term will end on June 30. * * * ."

■■■ Once the board of education has established the length of a term and has filled it by appointment, the board cannot thereafter lengthen or shorten that term. Board of Education of Pendleton County v. Gulick, Ky., 398 S.W.2d 483 (1966). When Tilden Deskins resigned after serving only ten days of his four-year term there was a vacancy in the office for the unexpired term of three years and three-hundred and fifty-five days. The board of education could not thereafter shorten that term to one year and appoint James Dotson to fill the one-year term. Nor are we aware of any authority by which the board of education could fill the remaining term piecemeal fashion by appointing James Dotson for the first three-hundred and fifty-five days of the vacancy and Ervin Pruitt for the remaining three years of the vacancy.

Formerly the statute relating to vacancies in the office of school superintendent specifically provided that a vacancy in a term should be filled by appointment for

the unexpired term whereas now it provides that in case of a vacancy for an unexpired term the board shall make the appointment so that the term will end on June 30th. The appellee argues with some logic that the legislature intended by the amendment to the statute to permit an appointment in case of a vacancy for a lesser or greater term than that in which the vacancy occurred because if the term of the appointment must correspond to the existing vacancy, it will of necessity end on June 30th and the language of the amendment requiring the term to end on June 30th would be surplusage.

This change of language in the amendment was discussed in our opinion in *Gulick,* supra, and resolved contrary to the argument of the appellee. In Kentucky vacancies are regarded to exist in the term of the office rather than in the office itself. If in the event of a vacancy the term could be shortened there is no reason why it could not also be lengthened in which case a superintendent with one year remaining in his term could resign and subsequently be reappointed for a four-year term. This is the very evil condemned in *Gulick,* supra, wherein we stated:

"* * * In the present statute, a choice is given in the matter of the length of term to be fixed, either one, two, three or four years. But once the length of the term has been fixed, the board loses control over the term thus created. * * *."

Although the contract with Dotson purported to employ him only until June 30, 1974, we conclude that his appointment, by operation of law, was for the remainder of the term of Tilden Deskins which expired June 30, 1977. It is a rule of general application that contracts of public bodies, like those of individuals, are made with reference to existing law and that statutory provisions enter into the contracts by operation of law. Moore v. Babb, Ky., 343 S.W.2d 373 (1961).

This disposition of the case makes it unnecessary to review the other allegations of error asserted by appellant.

The judgment is reversed with directions that a new judgment be entered in conformity with this opinion.

All concur except STEPHENSON, J., dissenting.