Reecie STAGNOLIA, Appellant,

v.

**BOARD OF EDUCATION OF HARLAN COUNTY, KENTUCKY, Appellee.**

Court of Appeals of Kentucky.

June 6, 1986.

Rehearing Denied Aug. 1, 1986.

Discretionary Review Denied by Supreme Court Sept. 16, 1986.

Arthur L. Brooks, Lexington, for appellant.

F.C. Bryan, Mt. Sterling, for appellee.

Before HAYES, C.J., and COMBS and DUNN, JJ.

HAYES, Chief Judge:

The sole question at issue in this appeal is whether a county board of education may change the term of the superintendent prior to the commencement of that term. We are convinced that the board has that authority and the decision of the trial court which holds otherwise must be reversed.

The facts precipitating this appeal are not in dispute. At the February 8, 1984 meeting of the Harlan County Board of Education, the board voted to appoint appellant to a one-year term as superintendent to commence on July 1, 1984. Appellant, however, advised the board in March, 1984 that he would not accept a one-year contract. Thereafter, at the May, 1984 meeting, the board rescinded its action of February 8, 1984 and voted to appoint appellant to a four-year term commencing July 1, 1984. Appellant entered service as superintendent on that date.

The composition of the board changed as a result of the November, 1984 general election. In February, 1985, suit was instituted seeking a declaration that the action of the board in May, 1984 was null and void and that appellant's term of office ended June 30, 1984 pursuant to the board's action at the February 8, 1984 meeting. The trial court, relying upon *Board of Education of Pendleton County v. Gulick*, Ky., 398 S.W.2d 483 (1966), ruled that once the length of the superintendent's term has been fixed by the board, the board loses control over the term created and was therefore without authority to alter that term. We disagree.

KRS 160.350 provides in pertinent part:

Each board of education shall appoint a superintendent of schools whose term of office shall begin on July 1, following his appointment. The appointment may be for a term of one (1), two (2), three (3) or four (4) years.

This section has been interpreted in several cases, including *Gulick, supra,* to preclude alteration of the "term" of the superintendent once it has been fixed. In the instant case, the process of "fixing" the term was not complete because the person selected had not either formally or informally accepted the position for a term of one year. We are convinced that until the superintendent's term is finally established (either by formal acceptance of the board's offer or by commencement of service of the term) the board retains complete control over the process and has authority to increase the length of the term. This result comports with established case law. In *Board of Education of Boyle County v. McChesney*, 235 Ky. 692, 32 S.W.2d 26, 28–29 (1930), the court stated:

An appointment to office may be revoked, of course, at any time before the act becomes final.

. . . .

The case is not to be determined by the rules that govern the making of private contracts. The board of education was exercising public authority, and when it elected the officer it was bound by that act unless a vacancy occurred by reason of a refusal to accept, a failure to qualify, or in consequence of some other cause.

The refusal of appellant to accept the one-year term left the board free to alter the length of the term prior to its commencement.

We are convinced that appellant is entitled to restoration of the four-year term as superintendent and back pay from the time of removal from that office.

The judgment of the Harlan Circuit Court is reversed for entry of a judgment consistent with this opinion.

All concur.