TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

JOHN K. VAN DE KAMP
Attorney General

_____

|  |  |  |
|---|---|---|
| OPINION | : | No. 86-404 |
|  | : |  |
| of | : | FEBRUARY 18, 1987 |
|  | : |  |
| JOHN K. VAN DE KAMP | : |  |
| Attorney General | : |  |
|  | : |  |
| ANTHONY S. DA VIGO | : |  |
| Deputy Attorney General | : |  |
|  | : |  |

_____

THE HONORABLE CHARLES O. LAMOREE, COUNTY COUNSEL, COUNTY OF SOLANO, has requested an opinion on the following question:

Does a county counsel of a general law county have a duty to render a legal opinion on a matter of general interest or application to a school district upon the request of an individual member of its governing board?

CONCLUSION

The county counsel of a general law county does not have a duty to render a legal opinion on a matter of general interest or application to a school district upon the request of an individual member of its governing board.

1

ANALYSIS

The present inquiry concerns the authority of an individual member of a school district governing board to request, and the corresponding duty of the county counsel of a general law county to render a legal opinion on a matter of general interest or application to the board.

Government Code section 26529 provides:

"In counties which have a county counsel, the county counsel shall discharge all the duties vested in the district attorney by Sections 26520, 26522, 26523, 26524, and 26526. The county counsel shall defend or prosecute all civil actions and proceedings in which the county or any of its officers is concerned or is a party in his or her official capacity. Except where the county provides other counsel, the county counsel shall defend as provided in Part 7 (commencing with Section 995) of Division 3.6 of Title 1 of the Government Code any action or proceeding brought against an officer, employee or servant of the county."[1]

Of the sections referred to, 26520 is pertinent and provides as follows:

"The district attorney shall render legal services to the county without fee, *shall render legal opinions to school districts* on matters as required by law, and may render legal services to local public entities as requested. Unless required by law to provide legal services to local public entities without fee, the district attorney may charge a local public entity a fee, not to exceed the total cost to the county, for such legal services." (Emphasis added.)

Prior to its amendment by the Statutes of 1976, chapter 800, section 1, Government Code section 26520 provided as follows:

"When required and without fee, the district attorney shall give his opinion in writing to *county and district officers* on matters relating to the duties of their respective offices." (Emphasis added.)

---

[1] The county counsel "shall discharge all the duties vested by law in the district attorney other than those of a public prosecutor." (Gov. Code, § 27642; 56 Ops.Cal.Atty.Gen. 53 (1973).)

2

Thus, prior to 1976, the statute by its express terms required the county counsel to render legal opinions to county and district, including school district, *officers* "on matters relating to the duties of their respective offices."

In 61 Ops.Cal.Atty.Gen. 227, 229 (1978), we examined the effect of the 1976 amendment particularly with respect to the substitution for the words last quoted of the words "on matters as required by law."  It had been suggested that these were words of limitation which required as a condition to the obligation to render a legal opinion an independent statutory basis.  We concluded, on the contrary, that the Legislature intended to continue the pre-existing obligation of county counsels to render traditional legal advice.  (*Id.*, at 233.)  It was in this context that we expressed our perception of ". . . the 1976 amendment to section 26520, insofar as it affects school districts, as a simple rewording of the previous language of that section, continuing the same obligation to render written advice to school districts as has been in the codes since 1880, but updating the language to reflect the current state of the law." (*Id.*, at 232.)

We did not there consider the question now presented as to who may request a legal opinion.  Nor does the statute itself expressly resolve that issue.  As a reasoned hypothesis, however, the party or agency entitled to receive an opinion is the party or agency authorized to request it.  In this regard, we can only view the 1976 amendatory change from the words "district officers" to "school districts" as a matter of substantive significance.  It is a settled interpretive precept that an amendment to a statute making a material change in its wording indicates an intent to change the meaning of the prior statute.  (*Jordan* v. *Consolidated Mut. Ins. Co.* (1976) 59 Cal.App.3d 26, 48.)  Hence, the agency entitled to receive an opinion, and therefore authorized to make a request to which the county counsel must respond, is by express legislative designation the school district as distinguished from any of its officers, including each member of its governing board,[2] acting independently.

---

[2] While it is clear that the members of the governing board of a school district exercise a portion of the sovereign power of the state and are public officers (*People* v. *Elliott* (1953) 115 Cal.App.2d 410, 414; *People* v. *Darby* (1952) 114 Cal.App.2d 412, 423; 47 Ops.Cal.Atty.Gen. 79, 80 (1966); 68 Ops.Cal.Atty.Gen. 337, 344 (1985)), a fundamental distinction must be recognized between a governing board and its individual members.  (Cf. *King City Union High Sch. Dist.* v. *Waibel* (1934) 2 Cal.App.2d 65, 68; *Smith* v. *Board of Education* (1946) 76 Cal.App.2d 662, 667; see also *Bender* v. *Williamsport Area Sch. Dist.* (Mr. 25, 1986) 471 U.S. ___ — status as a school board member does not permit member to "step into the shoes of the board" and invoke its right to appeal; and cf. *Carsten* v. *Psychology Examining Committee* (1980) 27 Cal.3d 793, 798-799 — board member not "beneficially interested" in action challenging administrative determination.)

3

The question remains as to who is authorized to request an opinion on behalf of the district.  It is, of course, the governing board of a school district (i.e., a board of school trustees or a board of education) which may exercise any power conferred by law upon the district.  (Ed. Code, §§ 35161, 35010.) Further, every official action must be taken by majority vote of all of the membership constituting the governing board.  (Ed. Code, §§ 35163, 35164.)  Thus, the majority of the board by formal vote is authorized to request an opinion of the county counsel.

By way of analogy it may be observed that the *governing board* is authorized, in the alternative, to employ or contract the services of private legal counsel.  (Ed. Code, §§ 35041.5; 35204 through 35206.)  There is no indication whatever that an individual member may exercise this prerogative.[3]

We are unable to perceive in the statutes set forth above a duty on the part of the county counsel to render legal opinions to each member in their respective capacities as individual members.  It is concluded, therefore, that the county counsel of a general law county does not have a duty to render a legal opinion upon the request of an individual member of a school district governing board on a matter of general interest or application to the board.

*****

---

[3] With respect to special districts, Government Code section 27645 provides:

"Subject to Section 26520, the county counsel shall represent and advise the officers and employees of special districts organized within the county and shall have exclusive charge and control of all civil actions and proceedings in which special districts, their officers or employees are concerned or are parties when:

"(a) *The governing board of the special district requests* the county counsel to so act;

"(b) The governing board of the special district is composed in whole or in part of persons who are also members of the county board of supervisors; and

"(c) No specific provision is made in the law under which the special district is organized for the district to obtain legal services."  (Emphasis added.)

We have previously distinguished special districts, which are "local public entities" within the meaning of section 26520 (64 Ops.Cal.Atty.Gen. 418, 420 (1981)), from school districts.  (*Id.*; 61 Ops.Cal.Atty.Gen. 227, 231 (1978).)

4